EINER H. MADSEN, appellant, v. META C. MADSEN, appellee.

No. 52773.

(Reported in 154 N.W.2d 727)

DECEMBER 12, 1967.

Robert L. Rausch, of Waterloo, for appellant.

Charles J. Pickett, of Waterloo, for appellee.

LeGrand, J.—Plaintiff and defendant were married on December 1, 1947. They had no children. Defendant had two children by a previous marriage. The parties lived together until January 1956, when defendant left under circumstances which later justified entry of a decree of divorce against her on grounds of desertion. The petition for divorce was filed January 10, 1966. Defendant filed an answer and counterclaim, asking that she be granted a divorce on grounds of plaintiff's cruel and inhuman treatment. The case was tried on October 31, 1966. On the day of trial and before any evidence was taken, defendant withdrew her answer and dismissed her counterclaim.

The record shows both parties wanted a divorce. No complaint is made here except plaintiff's assertion that the court did not make an equitable or fair division of property in accordance with section 598.14, Code, 1966. This is the only matter from which an appeal is taken.

Under such circumstances we do not concern ourselves with fault since the trial court's decree has established where the fault lay. Simpson v. Simpson, 247 Iowa 546, 548, 74 N.W.-2d 582, 584. It is nevertheless incumbent upon us to consider all the circumstances to determine whether the property settlement decreed by the trial court should stand. We, therefore, review the facts shown by the record.

After approximately eight years of marriage, defendant left plaintiff without just cause. Except for one brief attempt at reconciliation in 1961, which met with quick failure, defendant has never returned home except for a few hours at a time, usually to pick up some item of personal property she wanted. Plaintiff made numerous attempts to induce defendant to return home. He made "dozens of trips to Des Moines" to persuade her to come back. After some ten years of this sort of life, plaintiff, apparently a man of infinite patience, abandoned hope and filed his petition for divorce.

Trial court found defendant had deserted plaintiff and awarded plaintiff a divorce on that ground. This appeal is by plaintiff from the provisions of the decree which settled the property rights of the parties. Defendant does not appeal.

The only property involved is one parcel of real estate in Cedar Falls, Iowa, which plaintiff and defendant had purchased in 1952 and which they had occupied as their homestead until 1956. By written stipulation the parties agreed to most of the circumstances surrounding the purchase and financing of this real estate. The property was purchased under contract for $15,500 of which $3200 was paid down. Of the down payment $850 was borrowed from plaintiff's father and was not repaid during the time the parties lived together. The balance of the down payment was procured through another loan. Defendant insists this was all repaid before she left plaintiff. Plaintiff denies this. The property now has a value of $18,000. The parties have stipulated that part of this increase results from improvement of the property through paving at a cost of $700, which plaintiff paid. Before their separation, the parties also improved the property by construction of a double garage at a cost of $1800, all of which was paid during the time they lived together. Approximately $1200 was paid off on the principal of the contract before defendant left her husband. Thereafter plaintiff continued to live in the house and continued to make all payments required under the contract, including principal, interest, taxes and insurance. These payments up to the time the case was tried totaled $13,413.42. At that time also the unpaid balance due on the purchase price was $6443.45. Based upon an $18,000 valuation, this left an equity of $11,557.45 at the time of trial.

Title to this property is held in the names of plaintiff and defendant as tenants in common. The decree of divorce gave plaintiff the right to buy defendant's interest therein by paying her one half of the present value of the equity, upon which amount plaintiff was to have credit for $3006.71, the net amount due plaintiff after giving him the benefit of payments made during the separation and charging him with one half the rental value during that time. In other words plaintiff was to become sole owner of this property by paying to defendant $2772.02.

Plaintiff strenuously argues this is not a fair property settlement. He asserts defendant is entitled to no interest in

the real estate. He particularly objects to the manner in which her interest was determined, claiming he is not chargeable with rent for occupying the house while defendant refused to return home.

If we were to agree with plaintiff and to hold defendant is entitled to no rental for her one-half interest in the home, defendant would take nothing by way of property settlement under the formula used by the trial court. We feel that such a result would be manifestly unfair. Whether some other method of computation would have been better—or at least less objectionable to plaintiff—is of no consequence if the result obtained is a proper one. We find it is.

**■■** Misconduct of the guilty party, it is true, is one of the factors considered in determining a fair division of property, but there are other circumstances to be given weight also. Some of these are the age and health of the parties, their present capacity to work, the amount of resources owned by each, the contributions of each to the joint accumulations during the marriage, the duration of the marriage, and the indebtedness of the parties. Murray v. Murray, 244 Iowa 548, 554, 57 N.W.2d 234, 238; Pfab v. Pfab, 257 Iowa 303, 305, 132 N.W.2d 483, 484; Alberhasky v. Alberhasky, 250 Iowa 986, 1001, 97 N.W.2d 914, 924. What is fair and equitable in any case is peculiarly dependent upon the particular facts. Precedent is of little value and general principles, though easy to announce, are difficult to apply. Pfab v. Pfab, supra; Arnold v. Arnold, 257 Iowa 429, 440, 133 N.W.2d 53, 60; Lessenger v. Lessenger, 258 Iowa 170, 172, 138 N.W.2d 58, 59; Bowman v. Bowman, 259 Iowa 820, 822, 146 N.W.2d 333, 334; Cooper v. Cooper, 259 Iowa 277, 144 N.W.2d 146.

**■** Plaintiff is 60 years of age and is regularly employed. He earns approximately $7000 per year. Upon retirement he will receive $110 per month from his employer. He has a pension trust fund with his employer which has a present value of $10,000. There is no showing that plaintiff has any outstanding debts except the balance due on the purchase price of the property in question. Except for the testimony that defendant's conduct has made plaintiff "nervous and fid-

gety" over the years, there is no showing that plaintiff is in poor health.

The record leaves much to be desired as to defendant's earning ability. The evidence shows she worked during most of the time before she left plaintiff except for a short period when she stayed home to take care of plaintiff's father. Defendant's earnings during the marriage were approximately $140 per month. There is no showing she is now able to earn substantially more than that.

Defendant contributed as best she could to the family finances while she lived with plaintiff. Plaintiff argues she should have no interest in the home because she made no payments directly on the real-estate contract, but we see no merit in this. Whatever defendant earned supplemented plaintiff's income. Her money, and his, was used for family expenses. If plaintiff made the contract payments, then defendant's earnings were available for some other family purpose. When both husband and wife are employed and contribute to the family funds, it would be unfortunate if the marriage relationship deteriorated into a bookkeeping exercise to justify a favorable property settlement should marital discord arise. When defendant left plaintiff in 1956 the parties already had an equity of approximately $5000 in the real estate. They had accumulated personal property valued at $2000 which was entirely paid for. Certainly plaintiff cannot deny defendant contributed to this net worth. If the parties had liquidated their holdings then, defendant would have received at least as much as—probably more than—the divorce decree awarded her some ten years later.

Under these circumstances we hold the property settlement made by the trial court is not unfair or inequitable to plaintiff. It should be affirmed.

Although defendant did not appeal, she claims the trial court made several errors in computing the amount to which she was entitled and that these should be corrected by us here. In the absence of an appeal by her, we do not consider such alleged errors.—Affirmed.

All JUSTICES concur.