Ida Mae MORRIS, Appellee,

v.

Donald Norman MORRIS, Appellant.

No. 53195.

Supreme Court of Iowa.

Dec. 10, 1968.

Life, Davis & Life, Oskaloosa, for appellant.

James L. Tyler, Newton, for appellee.

MOORE, Justice.

On September 28, 1967 the trial court granted plaintiff, Ida Mae Morris, a divorce from her husband, Donald Norman Morris. The court gave plaintiff the care and custody of their four minor children, Garry Wayne born March 19, 1956, Donald

**550**

Norman, Jr. born May 1, 1958, Larry Eugene born November 12, 1960 and Cindy Sue born June 22, 1966, subject to certain visitation by defendant. As child support defendant was ordered to pay $12.50 per week per child until such child reaches the age of maturity, dies, marries or becomes self-supporting. He was also ordered to pay plaintiff $15.00 per week, as alimony continuing so long as any one or more of the minor children remained under her care.

As property division plaintiff was given an unfinished residence property valued at $6000 in the town of Killduff, including certain described building materials, supplies and fixtures which had been purchased for improvement thereof. She was given the household goods and certain personal items.

Plaintiff was also given a stock of merchandise valued at $2000 in a small grocery store in Killduff which defendant owned in partnership with plaintiff's father.

The court entered a $5000 judgment against defendant payable to plaintiff for the purpose of completing the Killduff house. She was also made custodian of $2000 which had been deposited in the Newton Home Loan and Savings Association as an educational fund for the children.

Defendant was awarded a Grinnell residence valued at $6500, subject to the $5000 judgment lien of plaintiff, a $3775 savings account, $95.34 checking account, a 1966 Dodge valued at $1800, tools and personal effects valued at $1500 and the right to a $418.65 income tax refund.

Defendant has appealed. He makes no complaint concerning that part of the judgment and decree granting her a divorce and custody of the children. This is readily understandable as the record shows defendant left the home in 1966 without any claim of fault against plaintiff when she was pregnant and began carrying on an affair with another woman and in fact lived with her in the Grinnell residence owned by the parties.

Defendant contends the property division is not fair and equitable and the child support and alimony allowance is excessive.

■ I. The misconduct of the guilty party which brings about a divorce is material in considering what is equitable in the way of division of property. Farrand v. Farrand, 246 Iowa 488, 492, 67 N.W.2d 20, 22; Pfab v. Pfab, 257 Iowa 303, 306, 132 N.W.2d 483, 484; Cooper v. Cooper, 259 Iowa 277, 282, 144 N.W.2d 146, 148; Kjar v. Kjar, Iowa, 154 N.W.2d 123, 125. But as we say in Blaney v. Blaney, 256 Iowa 1151, 1153, 130 N.W.2d 732, 733, other matters must also be considered.

■ II. We have frequently stated equitable property division and allowance of child support and alimony in divorce cases are peculiarly dependent on the facts in each case. Among the matters to be considered are parties' age, health, present capacity to earn, amount of resources owned by each or both parties, contributions of each to the joint accumulations, the children involved, the duration of the marriage, indebtedness of each or both, conduct of the guilty party, and other facts which will assist the court in reaching a just and equitable decision. Alberhasky v. Alberhasky, 250 Iowa 986, 1001, 97 N.W.2d 914, 924; Pfab v. Pfab, 257 Iowa 303, 305, 132 N.W.2d 483, 484; Arnold v. Arnold, 257 Iowa 429, 440, 133 N.W.2d 53, 60; Cooper v. Cooper, 259 Iowa 277, 282, 144 N.W.2d 146, 149; Lehmkuhl v. Lehmkuhl, 259 Iowa 686, 698, 145 N.W.2d 456, 464; Kjar v. Kjar, Iowa, 154 N.W.2d 123, 125.

These precedents do not add greatly to this language of section 598.14, Code, 1966: "* * * the court may make such order in relation to the children, property, parties, and the maintenance of the parties as shall be right."

III. As in all such cases the difficulty here lies not in the applicable legal principles but in determining what is right under the facts presented. We therefore return to the facts as disclosed by the record. For most part they are not in dispute.

The parties were married July 8, 1955 and lived in Grinnell until 1958. Thereafter they lived together in Killduff until defendant left about October 1, 1966.

Prior to the marriage defendant had purchased a house in Grinnell for $3500 on which he owed approximately $2300. Subsequently the parties spent $2000 for remodeling and it was unencumbered and valued at $6500 at trial time.

During the first two years of the marriage plaintiff worked at Maytag in Newton. When the parties moved to Killduff defendant purchased a half interest in a small grocery which plaintiff thereafter operated. The other owner was plaintiff's father. He owned the store building in the back of which was a small apartment occupied by the parties and their children. The store showed a loss for the year prior to trial. The trial court found the value of the interest in the store to be $2000.

During the period from 1958 to 1966 the parties began construction of a house in Killduff into which they planned to move upon its completion. When defendant left in 1966 building materials, supplies and fixtures were at the building site. These were later taken away by defendant. At trial time the Killduff residence property was valued at $6000.

Plaintiff and the children needed this house upon its completion. They were sleeping in the only bedroom of the small apartment in the grocery store building. Two boys were sleeping in one bunk bed.

During the last few years of the marriage plaintiff suffered retina degeneration of both eyes and at trial time was considered blind for income tax purposes. She could not read or drive a car. She was studying Braille. She was then 32 years of age.

Defendant was at all times employed as a machine operator at the Maytag Company in Newton. The trial court's findings include: "Roughly defendant earns gross $172.50 per week with net take home aver-aging $145.00 per week. He earned a gross of $8707.04 in 1966, averaging net take home pay of $140.87 per week. Based on his average for the first 37 weeks of 1967, his gross earnings will exceed $9000 for 1967." Support thereof clearly appears in the record. Defendant's age does not appear in the record but he enjoys good health, is steadily employed and active in camping and fishing.

The property awarded to the respective parties was accumulated through their joint efforts. Their debts at trial time did not exceed $200.

Plaintiff's future prospects are indeed not good particularly because of her blindness. Defendant should be in the home carrying out his duties and responsibilities.

Upon the whole record we feel the trial court's judgment and decree is equitable and right. It is our conclusion the decree should not be changed.

Affirmed.

All Justices concur.