Pauline Zbanek Kloubec, appellee, v. Joseph Kloubec, appellant.

No. 47542.

(Reported in 40 N.W. 2d 34)

December 13, 1949.

Ted Ruffin, of Cedar Rapids, for appellant.

B. D. Silliman, of Cedar Rapids, for appellee.

Oliver, J.—The parties were married in 1917 and lived together thirty-one years. Three children were born to them: Kenneth and Virginia, both married, and Lawrence, who was fifteen years old August 10, 1948. Defendant is fifty-five years of age. Plaintiff is fifty-four. The record indicates both parties are industrious and thrifty.

I. Plaintiff testified defendant habitually cursed her and called her vile names in the presence of the children, many times ordered her out of the house, repeatedly asked her to get a divorce, kicked her, slapped her, struck her and knocked her down, threw things at her, and exhibited frequent fits of rage; that she shuddered at the thought of his coming home each day, fearing his cursing, faultfinding and fits of anger, and that his conduct had been progressively worse and had become unbear-

able. Most of this testimony was corroborated by the three children. Plaintiff weighed only ninety-two pounds and was not in good health. There was evidence these acts of misconduct apparently affected her heart and that at times after such occurrences she would be confined to her bed for several days.

Defendant offered no evidence other than his own testimony. He denied some of the charged acts and testified plaintiff and the children were the aggressors in others. The trial court found the evidence fairly sustained plaintiff's allegations of cruel and inhuman treatment. Plaintiff's testimony and the corroborating evidence shown in the record amply support this finding. We are satisfied it was correct.

II. The judgment awarded plaintiff the custody of the minor son, Lawrence; $30 per month for his support until he reaches the age of eighteen years August 10, 1951, and $55 per month alimony. During their married life the parties acquired a home for $2,700 which was worth from $5,500 to $7,500 at the time of the trial. Plaintiff was awarded the home subject to a lien thereon to defendant for $2,700, with a provision that she might satisfy the lien by prompt payment to defendant of $2,200. She was also awarded the household goods, $300 in lieu of temporary alimony, $100 additional attorney's fee and one half of about thirty-three Series E bonds purchased by the parties at $18.75 each. Defendant was ordered to pay the outstanding family obligations of approximately $325, which included curb and gutter tax of approximately $160 on the home. Defendant was awarded the charge or lien upon the home, the automobile, one half of the bonds, and his tools and personal belongings.

He complains the amount of support money, child support and property awarded plaintiff was excessive. Defendant is a plumber, employed in the sewer department of Cedar Rapids. His earnings, after deductions, are about $50 per week. Plaintiff is not in good health and apparently has had no training or occupation other than that of housewife.

In awarding the home to plaintiff, subject to the lien or charge of defendant, the trial court doubtless took into consideration the welfare of Lawrence, who will be in plaintiff's custody until he reaches maturity. The monthly payments of alimony and for the support of Lawrence do not appear exces-

sive or overburdensome. We find nothing in the record which would justify interference with the judgment of the trial court.— Affirmed.

All JUSTICES concur.