VIOLET WHITE, appellee, v. J. FRANK WHITE, appellant.

No. 49903.

(Reported in 101 N.W.2d 18)

FEBRUARY 9, 1960.

Ted Sloane and Russell Jordan, both of Des Moines, for appellant.

Denmar Miller, of Des Moines, for appellee.

THOMPSON, J.—On May 16, 1952, the plaintiff was granted a decree of divorce from the defendant. It was provided therein that the defendant should pay ten dollars per week, or a total of thirty dollars, his required contribution to the support of three minor children whose custody was awarded to the plaintiff. The children are Daniel, age five at the time of the decree; Michael, then two, and Richard, one.

The plaintiff was also given the family home, which was apparently encumbered. She has since sold it and bought another less expensive residence. She has not worked or sought employment to any substantial extent since her divorce. The Iowa Department of Social Welfare, through its program of Aid for Dependent Children, furnishes a sum stated at one point as $68.50 and at another as $58.50, per month. The defendant has remarried, but his present wife is gainfully employed and we view this feature of the situation as of no importance in our determination. All sums required by the original decree have been paid.

At the time of the divorce the defendant's net earnings, as shown by the record, were $3603.68, for the year 1952. He was employed in that year by the Woltz Studios, in Des Moines; and at the time of the hearing on the application to modify, in 1959, he was the head of the photographic retouching department for the same employer. His net earnings had increased in the intervening years to $4593.82 for 1958. These figures are not disputed in the record.

The trial court, after hearing, modified the original decree by increasing the amount which the defendant is ordered to pay

for the support of the three minors by seven dollars each, or a total of twenty-one dollars. The modification decree now adjudges that he must pay for each child $17 per week, a total of $51 for the three. From this he appeals.

I. Whether a gradual increase in the earnings of one who is ordered by a divorce decree to pay fixed sums for alimony or child support is such a change in circumstances as to warrant a reopening of the matter is not necessary to determine in this case, since the defendant does not raise the point, but concedes in his brief that "We feel an increase in the support payments proportional to the increase in earnings would have been justified." It is his complaint that the increase ordered by the trial court is excessive and out of proportion to his increase in net earnings. With this position we agree.

It will be noted that the increased payments ordered by the trial court amount to $1092 per year, while the increase in net earnings is only $990.14. Or, viewed from another angle, his "take home" pay has increased about 27.5%, while the court increased the required payments by 70%.

II. The situation is one all too familiar to courts that must deal with problems of child support, arising in divorce cases. A divorce does not, ipso facto, increase the total family income, while it inevitably adds to the expense of living for the members. Courts are constantly faced with the dilemma of how to divide a total income insufficient for the family needs when the members are separated. It is urged on one hand that a certain amount is required for the support of the minor children; on the other, that the divorced father's income is unequal to the burden of supplying such sums. Both contentions are unfortunately often correct. Nor is there any sure formula for solving the problem. The courts can only make the best adjustment possible, often merely an informed guess, and hope that in some manner the parties can survive without too much hardship. It is an unhappy by-product of family discord and divorce.

We must be mindful not only of the needs of the children but of the divorced father. He should support his children, as best he can. But it will not do to burden him to the extent that all incentive is to be destroyed. The Bible has expressed the thought in these words: "You shall not muzzle an ox when he

treads out the grain." Deuteronomy, 25:4. Some balance must be found between the needs of the children and the father's ability to pay. These matters are tried in equity, and equity, in general terms, means fairness.

 It is our opinion that the decree of the trial court places an undue burden upon the defendant. It takes from him more than the entire amount of his increased earnings. We think the children should share in the larger wage which his industry and capability have secured, but that he should not be deprived of all of it. A decree that would give them an increased allowance in proportion to his additional earnings seems to us to be fair and in accordance with equity. The defendant's income has been augmented by about 27.5%. We conclude that an increase in the allowance to each child of 30%, or three dollars, should be made. This means that the weekly payments to the plaintiff for each of the minors will be $13, or a total of $39 for the three.

 III. Some attention must be given to the plaintiff's contention that we should not interfere with the decree of the trial court unless it is shown to be an abuse of discretion. Here she cites Newburn v. Newburn, 210 Iowa 639, 231 N.W. 389; Lyons v. Lyons, 240 Iowa 698, 37 N.W.2d 309; Kuyper v. Kuyper, 244 Iowa 1, 55 N.W.2d 485; Pearson v. Pearson, 247 Iowa 437, 74 N.W.2d 224; and Gesmacher v. Gesmacher, 247 Iowa 836, 76 N.W.2d 790. To this list may be added Apfel v. Apfel, 238 Iowa 274, 27 N.W.2d 31, and perhaps other cases. In each of them there is language which supports the plaintiff's position.

But this does not take away from the appellate court its right, nor relieve it of its duty, to try the case de novo. Jensen v. Jensen, 237 Iowa 1323, 1334, 25 N.W.2d 316, 322. It does not mean that we are bound by the findings and decree of the trial court, if the record fairly shows it fails to do equity. The exact point was considered in Brin v. Brin, 240 Iowa 659, 662, 37 N.W.2d 261, 263, where we said:

"The language quoted from Newburn v. Newburn, 210 Iowa 639, 641, 231 N.W. 389, 391, standing alone lends some support to the contention. But this language merely means that though the case be triable de novo 'much weight should be given to the

findings of the trial court because of the better opportunities of that court to weigh the testimony.' " (Citing Jensen v. Jensen, supra, and other cases.) This is the true rule.

The decree of the trial court is modified in accordance with Division II of this opinion, and as so modified is affirmed. Costs will be taxed three fourths to the appellee and one fourth to the appellant.—Modified and affirmed.

All JUSTICES concur.