MARTHA A. FREEL, appellee-cross-appellant, v. DONALD L. FREEL, appellant.

No. 50382.

December 12, 1961.

A. T. Gravelie, of Cedar Rapids, for appellant.

Maurice L. Nathanson, of Cedar Rapids, for appellee-cross-appellant.

Hays, J.—Plaintiff was granted a divorce from the defendant. She was awarded custody of their minor children, permanent alimony and child support. Both parties have appealed with the sole issue being the reasonableness of the award.

Plaintiff, age 40, due to physical afflictions, is unable to obtain gainful employment. Defendant, age 39, is employed by the Sanitary Farm Dairy of Cedar Rapids, Iowa. Three children were born of this union, Donald, age 17, Nancy, age 12, and Rebecca, age 9, at the time of the trial. The home in which they resided prior to October 1958, when defendant left his family, and in which plaintiff and the children still reside, is a modern two-story, three-bedroom home located on a two-acre

tract of ground near Hiawatha. Title thereto is in plaintiff and defendant as joint tenants. Its value is placed at $21,000, subject to an encumbrance of $8434.50, payable at the rate of $82 per month plus taxes and insurance. They have no other tangible assets. Defendant receives a gross salary of $130 per week.

The decree awarded plaintiff alimony of $10 per week; child support of $15 per week for each of the two girls until they reach age 18 or become self-supporting; $10 per week for the boy until he finishes high school, with the further provision that if he desires to continue his education defendant shall pay his tuition at one of the State schools, for four years of nine months each of school. It awarded plaintiff sole possession of the home and gave as her own property all household goods and furnishings; it decreed the title to the home to be that of tenants in common in equal shares and prohibited the sale or encumbrance thereof for a four-year period, without the written consent of both parties, at which time the court would make a further order in regard thereto; it ordered defendant to pay the installments on the mortgage as they came due together with the taxes and insurance; that a $10,000 life insurance policy, upon his life, be assigned to her but relieved plaintiff of further payments thereon, and finally, that he pay the costs, including an attorney fee of $150 for plaintiff's attorney, in the sum of $200.

It is stipulated that defendant's gross earnings are $130 per week; there is deducted therefrom 90¢ per month for insurance, $3.90 per week on first $4800 for Social Security; $14.05 per week for income tax. Defendant receives an automobile allowance of $75 per month, plus gas, oil and grease. He owes $2449.30 on said car, payable at the rate of $80 per month. Thus, under the terms of this decree and the stipulated deductions, defendant has remaining for his use $35.31 per week.

Defendant testified he has paid $45 per month for a room, since he left his home; that auto repairs and car insurance amount to $110 per year and, due to the nature of his employment, he eats out frequently. There is no estimate in the record as to this expense nor is any mention made of clothing and

other incidental, but necessary, expenses. It seems a fair assumption that his work, as a supervisor over wholesale drivers and requiring traveling some 30,000 miles per year, requires him to maintain a respectable appearance.

Plaintiff listed actual household and living expenses for the year 1959 for herself and family as follows: Clothing $345.56, telephone $70, heating $369, lights $204.15 (including tank rental $24 and prior year's bill of $45), auto expense $472.92, insurance $225, school lunches $170, schoolbook rental $22, clarinet $87, food $900, medical bills $392, interest $14.05, banking charges, and other miscellaneous expenses for a total of $3623.97. She states the expenses for the next year will be about the same except that the clothing expense will about double. This amounts to an average of $69.69 per week, with no expense for living quarters.

Section 598.14, Code, 1958, authorizes the trial court to "make such order in relation to the children, property, parties, and the maintenance of the parties as shall be right." This involves the exercise of judicial discretion and will only be disturbed when a clear abuse thereof is shown. Call v. Call, 250 Iowa 1175, 98 N.W.2d 335. In the determination of what is right, the court should consider not only the needs of the wife and children but also the ability of the husband to pay. Kloubec v. Kloubec, 241 Iowa 88, 40 N.W.2d 34. While, in this type of case, prior decisions of this court are precedents as to the legal aspects involved, they are of little value in determining the factual issue as to need and ability to pay, as each case must be determined according to its particular facts.

I. Plaintiff has appealed alleging the award was entirely inadequate. We are not impressed with such a contention, find no merit for the same in this record and hence give no further consideration to her appeal.

II. Defendant contends the record shows an abuse of judicial discretion and we agree.

One question of importance is the disposition of the home. Plaintiff contends it has been her home and she intends to continue using it as such. She argues that she could not rent an apartment or house for $82 per month, which is the amount of

the mortgage payment, and that by making such payment defendant is building up his equity in the property at the rate of $41 per month. This may be conceded. However, it appears that it costs $369 to heat, $204.15 to light and $70 to provide telephone facilities per year. This adds $56.58 per month to the $82 mortgage payment, or $138.58 per month it costs to live in the home without figuring taxes, insurance and necessary upkeep expense. Plaintiff, under the decree is awarded all household goods and furnishings, which we may assume would amply furnish a home or apartment suitable to the family needs and that such home or apartment would not cost, as rental, $138.58 plus, per month.

While it is true that whatever sum is paid on the mortgage increases the equity therein of each party, if it is not feasible to have plaintiff and the children live there, and we believe it is not, it appears the solution is to sell the same while it is apparently in good condition. While we feel the court was extremely liberal in granting defendant a one-half interest therein together with the furnishings, etc., we are not inclined to change this feature. If sold for the value placed thereon, each has an equity of $6000. It appears that there are some $1200 of unpaid bills, as found by the court but not included in the decretal portion of the decree. These we think defendant should pay out of his equity in the home.

As to the alimony and support money. Under the decree, the payment amounts to $2600 per year while the boy is in high school and then drops $520. It continues at this figure until 1966 and then drops $780, continues then until 1969 when it drops another $780, leaving payments of $520 a year thereafter to the plaintiff as alimony. We think the provision in the decree providing for tuition in a State school for the boy should be eliminated. We think the provision for the wife should be increased to $18.75 per week. The allowance for each daughter remains as decreed by the court.

Thus we hold the decree should be modified in that the home be sold under supervision of the court and the proceeds divided equally between plaintiff and defendant: Plaintiff retains as her own property all household goods and furnishings; pay-

ments for the boy to cease when he finishes high school. Payments for each daughter remain as in the decree. Payments to the wife are increased to $18.75 per week. Unpaid bills, as found by the trial court, in the amount of approximately $1200 shall be paid by the defendant out of his proceeds from the sale of the home.

The decree is affirmed on plaintiff's cross-appeal. It is modified as above set forth, and affirmed on defendant's appeal and remanded for a decree in accord herewith.—Modified and affirmed.

All JUSTICES concur except BLISS, J., not sitting, and THOMPSON, J., who takes no part.