JOANNE BERRY, appellee, v. PAUL R. BERRY, appellant.

No. 50433.

Brierly, McCall & Girdner, of Newton, for appellant.

Hammer, Matthias & Tyler, of Newton, for appellee.

HAYS, J.—The decree of the trial court granted plaintiff. a divorce from defendant and awarded her the care and custody of their three minor children, ages 7, 4 and one years respectively. It also awarded her the sole occupancy of the home, and gave to her, as her own, all household goods and furnishings. It required defendant to pay all mortgage indebtedness against the same and also to pay to plaintiff the sum of $15 per week per child until each child attained 18 years of age. It also taxed against defendant as costs in the action, including $175 for plaintiff's attorney, the sum of $212. Defendant appeals upon the sole issue of the reasonableness of this award.

No particular legal issue is presented, both parties recognizing the rule that the interest of the wife and children must be balanced against the ability of the husband and father to pay. Alberhasky v. Alberhasky, 250 Iowa 986, 97 N.W.2d 914;

White v. White, 251 Iowa 440, 101 N.W.2d 18. In applying this rule in this modern day and in view of the apparently accepted custom of "buy now and pay later" we seriously doubt if Solomon with all of his wisdom could solve the problem to at least the partial satisfaction of either party. The instant case is certainly a fitting example.

Plaintiff, age 24, is not in good health and has no independent means, nor does it appear that she is physically able to carry on employment outside of the home. She has ample employment if she is able to rear her three young children. Defendant, age not shown, is employed at the Maytag Company, in Newton, Iowa, and is paid on an hourly basis. In 1961, up to the time of the trial, his net earnings were on the average of $95 per week. While in 1960 he had additional employment, he did not at the time of the trial. He owns an $800 equity in a farm left by his father and he and his wife own, in joint tenancy, the home where they resided. It was purchased in 1958 for $7300 and has a mortgage against it of about $6000, payable at $67 per month which includes taxes and insurance. They own the usual household goods, apparently all being purchased upon the installment plan, with monthly payments due thereon in the total sum of approximately $148. This amount plus the house payments of $67 plus the $195 child support totals $343 per month he is called upon to pay under the court's decree. His income is $411.66 per month, his required payments are $343—his balance is $68.66 per month. This does not take in consideration some other family debts of approximately $1800 which are not payable upon an installment basis. Also not included are his car, worth $1600, mortgaged for $1593, payable $30 per month, car expense items in the sum of $246 and a note payable to his mother in the sum of $1221.

Defendant must retain sufficient funds to provide himself with a living in order that he may carry on his work. It is difficult to see just how he can do so on less than $45 per week or $195 per month on a 52 weeks a year basis. We think the decree should be affirmed, in so far as it requires defendant to keep up the payments on the home of $67 per month and the $12.90 per month payment on the furnace, which was recently

installed. The wife and children should have the right to reside therein. That part of the decree requiring defendant to make the monthly payments on the household goods etc. is eliminated. He shall pay for the care of the children, under the same provisions of the decree, the weekly sum of $11.33 per child. He shall pay the costs of the action.

██ A motion for taxation of additional attorney fees for plaintiff's attorney, for the handling of this appeal, was ordered submitted with the case. We think, under this record, plaintiff's desire to obtain the last pound of flesh placed defendant in a position where an appeal was his only recourse. While an attorney's fee should not be based entirely upon results obtained, it is a strong factor to consider. Also a factor to consider, especially true in this type of action, is the ability of defendant to pay and still provide support for his children. Under the circumstances here, we feel further attorney fee, in addition to the $175 already awarded, in the sum of $75 is about all he should be required to pay for plaintiff's attorney, with any further amount being plaintiff's responsibility.

Decree is modified in the manner above indicated and cause remanded for a decree in conformity herewith.—Modified and affirmed and remanded with directions.

All JUSTICES concur except BLISS, J., not sitting.