ANNABELLE BLANEY, appellee, v. JOHN W. BLANEY, appellant.

No. 51472.

(Reported in 130 N.W.2d 732)

OCTOBER 20, 1964.

W. Lawrence Oliver, of Des Moines, for appellant.

Theodore Duffield, of Des Moines, for appellee.

GARFIELD, C. J.—This appeal by defendant-husband from a decree granting plaintiff-wife a divorce and alimony challenges only the award of alimony. We are persuaded it is excessive and should be reduced.

The parties were married in May 1949. Each had been married once before. No children were born to the marriage. Plaintiff's petition, filed July 15, 1963, charges defendant with the familiar ground section 598.8, subsection 5, Code, 1962, refers to as "such inhuman treatment as to endanger the life of his wife." Proof of the alleged ground is ample. It also appears defendant "has committed adultery subsequent to the marriage" and the action might have been based on section 598.8, subsection 1.

The parties owned as joint tenants their home in Des Moines subject to a mortgage balance of $2000. It cost $6500. Plaintiff furnished part of the down payment of $500 on the home, the rest was borrowed. The court awarded plaintiff the home and its contents. Plaintiff bought the furniture with her own money but it was mortgaged to two finance companies for about $200 each. Defendant was ordered to pay these two loans and other indebtedness except the mortgage debt on the home. The evidence indicates defendant incurred these other debts. Defendant was also ordered to pay plaintiff $3000 in monthly instalments of $100 and plaintiff's attorney a fee of $250.

Defendant's appeal complains only of the award of the $3000 as excessive. Before trial defendant expressed willingness to transfer to plaintiff his interest in the home and its contents. The parties have no other property and no savings.

Both plaintiff and defendant have been steadily employed throughout their marriage. At the time of trial in January 1964 plaintiff was deputy county auditor in Des Moines at an annual salary of $4760. She had worked in the auditor's office 19 years. In 1963 she earned about $100 additional doing income tax work. Defendant had worked for the city of Des Moines 14 years in the street and garbage departments. He too did some outside work. His gross earnings during 1963 were between $5500 and $5600. Plaintiff used what she earned to pay household expenses and medical, clothing and furniture bills.

Code section 598.14, so far as material, provides: "When a divorce is decreed, the court may make such order in relation

to * * * property, parties, and the maintenance of the parties as shall be right."

 Our decisions add little to the quoted statute. We have said several times the division of property and award of alimony to the wife in divorce actions depend on the facts of each case. The matters to be considered include the needs of the wife, the husband's ability to pay, the age, health and future prospects of the parties, the contributions of each to the joint accumulations, the earning capacity of each party, the duration of the marriage, and the conduct of the parties. Any other facts should be considered which aid the court in reaching a just and equitable decision. Weiland v. Weiland, 255 Iowa 477, 480, 122 N.W.2d 837, 839, and citations.

Plaintiff has cited Murray v. Murray, 244 Iowa 548, 554, 57 N.W.2d 234, 238, and Farrand v. Farrand, 246 Iowa 488, 492, 67 N.W.2d 20, 22, for the proposition that in considering what is equitable in the way of property division and alimony award, the misconduct of the guilty party which brings about the divorce is material. Such misconduct is surely one of the matters to be considered but, as above indicated, there are others, including the husband's ability to pay and the earning capacity of each spouse.

Probably the two most important facts favorable to the wife upon this appeal are, 1) she was employed throughout the marriage and put most of her earnings in the family till, and 2) the misconduct leading to the divorce was defendant's—none is chargeable to her. However, there should also be considered the fact plaintiff's earning capacity nearly equals defendant's; also plaintiff's future prospects seem brighter than his. She is more thrifty, a better manager and of better conduct than he. She is not indebted except as she must pay the mortgage debt on the home.

Defendant has considerable indebtedness for one without means. It includes a judgment against him for $700, $400 to the finance companies, and support of an illegitimate child. Of course defendant must have food, shelter and clothing for himself if he is to hold his job. And it will not do to burden him

to the extent his incentive to pay is destroyed. See White v. White, 251 Iowa 440, 442, 443, 101 N.W.2d 18, 20.

In the matter of misconduct defendant came to the home at 3:30 one morning, after the parties separated and he had been restrained by the court from annoying plaintiff or entering upon the premises, and did a good deal of damage to the furniture, including a HiFi set plaintiff paid $400 for. He also took her into the alley, threatened to kill her and tore off her night clothes. Defendant can hardly complain if he is called upon to make good this damage.

Upon the whole record we feel the award of $3000, in addition to the award of virtually everything the parties owned and the requirement defendant pay the debts other than the mortgage on the home, should be reduced by half. The $1500 should be paid into the office of the clerk of the district court of Polk County at the rate of $75 a month for 20 months commencing November 1, 1964, and on the first day of each succeeding month until the entire $1500 is paid. It is hoped this reduction will be an incentive to defendant to do his best to make the reduced payments. The reduction will perhaps result in plaintiff's receiving more money than if the decree were not modified in this respect. In other respects the decree is affirmed. See, as somewhat in point, Weiland v. Weiland, supra, 255 Iowa 477, 481, 122 N.W.2d 837, 840, and citations.

Costs of this appeal are equally divided.—Modified and affirmed.

All JUSTICES concur except HAYS, J., not sitting, and MOORE, J., who takes no part.