CAROLYN J. COLE, appellee, v. JOHN R. COLE, appellant.

No. 52114.

June 14, 1966.

Mershon & Snow, of Cedar Falls, for appellant.

William B. Mooney, of Waverly, for appellee.

Larson, J.—Courts are constantly faced with the dilemma of how to divide a total income insufficient for the family needs when the members are separated. This is a classic example of the impossibility of fitting the needs of the wife and children to the ability to pay of the divorced husband and father. Plaintiff here was granted a divorce from the defendant and, in the decree entered on the eighth day of September, 1965, she was awarded the custody of the parties' three minor children and a child yet unborn. The right to this divorce and the custody of the children are not challenged, but the court's support provisions are claimed excessive, unreasonable and unjust, in that they greatly exceed appellant's ability to pay. We feel under this record there is merit to that contention.

The decree requires defendant to pay plaintiff the sum of $50 a week child support for so long as two or more of their minor children reside with her and, when the number drops to one, that payment is to be reduced to $25 per week; to pay $50 per month on the note and mortgage on the homestead,

which plaintiff may use rent-free as long as the minor children remain with her in the home and she remains unmarried; to pay $240 per year in premiums on health and hospital insurance for the children; to pay the taxes on the home, now $153.45 per year; to pay accumulated bills in excess of $1000; and to pay plaintiff's attorney fee of $300. In addition, plaintiff was given the household effects and their 1957 Oldsmobile automobile.

Plaintiff is a 27-year-old housewife who has never been employed outside the home. In any event the children, Anthony age 5, Lisa Marie age 4, Angela age 2, and the child yet to be born, will require her undivided attention and care for some time in the future. As the home is in a rural area outside Cedar Falls, the automobile represents a necessary transportation expense.

Defendant is self-employed as the lessee-operator of a Skelly Service Station in Cedar Falls, Iowa. His net income, as disclosed by his 1964 income tax return, was $4957.85, less $371 taxes, or approximately $4600. It is self-evident that the obligation placed upon defendant, for the first year at least, exceeds his income. As we compute it, his fixed obligation of $2600 support payments, plus $600 house payments, plus taxes of $153.45, plus insurance premiums of $240, amount to approximately $3600 per year. If we add the $1000 accumulated bills and the $300 attorney fee, we find his earnings some $300 short of the amount necessary for him to pay under the decree. That is not only unfair; it is impossible.

I. This court has often stated that among the matters to be considered in awarding alimony and child support to a wife who is granted a divorce are the needs of the wife and children, the husband's ability to pay, the age, health and future prospects of the parties, their earning capacities, and any other facts which will assist the court in reaching a just and equitable decision. Weiland v. Weiland, 255 Iowa 477, 480, 122 N.W.2d 837, and cases cited; Kloubec v. Kloubec, 241 Iowa 88, 40 N.W.2d 34; Blaney v. Blaney, 256 Iowa 1151, 1153, 130 N.W.2d 732.

Section 598.14, Code, 1962, authorizes the trial court to "make such order in relation to the children, property, parties, and the maintenance of the parties as shall be right." We have

pointed out this involves the exercise of judicial discretion and will only be disturbed when a clear abuse thereof is shown. Freel v. Freel, 253 Iowa 327, 330, 112 N.W.2d 371; Call v. Call, 250 Iowa 1175, 98 N.W.2d 335. But this does not mean this court is relieved of its duty to try the case de novo. Jensen v. Jensen, 237 Iowa 1323, 1334, 25 N.W.2d 316, 322. It does not mean that we are bound by the findings and decree of the trial court if the record fairly shows it fails to do equity. White v. White, 251 Iowa 440, 443, 101 N.W.2d 18; Brin v. Brin, 240 Iowa 659, 662, 37 N.W.2d 261, 263, and citations. It is appellant's position here that the trial court clearly abused its discretion, for it is obvious an award which leaves the divorced spouse little or nothing on which to live is not fair, right or equitable.

Precedents as to the legal aspects are to be followed, but precedents are of little value in determining the factual issues as to need and ability to pay. Each case must be determined according to its own particular facts. Freel v. Freel, supra.

█ There is no question here as to the reasonableness of plaintiff's statement of need, as $30 a week for food, $5 a week for clothing, $5 a week transportation, and $35 a month for fuel in the winter are not unreasonable. In addition, her electric, water, telephone, medical and dental bills must be paid. She must also maintain the house and the home appliances from the weekly allowance. It is hard to see how she can substantially cut those expenses in maintaining a six-room house and her family. Yet the payments of $50 per month on the home must be paid, the insurance should be maintained, and the taxes cannot be avoided. Nevertheless, if defendant is ever to pay the outstanding obligations of over $1000 and the attorney fee assessed to him, some reduction must be made in the amount of weekly support payments. Defendant must live, and should not be expected to live in the service station. He must have food, shelter and clothing for himself if he is to continue to earn the money needed to provide for the children. It is difficult to see how he can do so on less than $1500 per year. A reduction in the support payments to $35 per week seems the only feasible solution to this difficult problem. It is

62

hoped this reduction will serve as an incentive to defendant to do his best to make the payments and assume his rightful obligation, as well as provide plaintiff with more certain support than might result from a refusal to modify the decree award.

In White v. White, supra, 251 Iowa 440, 442, 443, 101 N.W.2d 18, we had this to say in a similar situation: "A divorce does not, ipso facto, increase the total family income, while it inevitably adds to the expense of living for the members. Courts are constantly faced with the dilemma of how to divide a total income insufficient for the family needs when the members are separated. It is urged on one hand that a certain amount is required for the support of the minor children; on the other, that the divorced father's income is unequal to the burden of supplying such sums. Both contentions are unfortunately often correct." We then went on with a warning found in the bible, "You shall not muzzle an ox when he treads out the grain" (Deuteronomy, 25:4), and said: "We must be mindful not only of the needs of the children but of the divorced father. He should support his children, as best he can. But it will not do to burden him to the extent that all incentive is to be destroyed. * * * Some balance must be found between the needs of the children and the father's ability to pay."

In Berry v. Berry, 253 Iowa 388, 390, 112 N.W.2d 663, 665, we said: "Defendant must retain sufficient funds to provide himself with a living in order that he may carry on his work."

It is true defendant was given the parties' interest in the real estate, and that his $50 per month payments will eventually inure to his benefit. But the likelihood of a wait of 18 years before he can realize any value therein gives him small comfort in meeting his present financial problem. A change as to future interest would not relieve the present distress. Realizing a change in circumstances may in the future justify modification, we conclude the reduction of the weekly payments for child support to $35 per week will be the least painful adjustment, and affirm as to all other provisions of the decree.—Modified and affirmed.

All JUSTICES concur.