Daphine YANSKY, Appellant,

v.

George A. YANSKY, Appellee.

No. 53538.

Supreme Court of Iowa.

Nov. 12, 1969.

Meardon, Sueppel & Downer, by Robert Lanman, Iowa City, for appellant.

Diehl Law Offices, by Joseph C. Johnston, Iowa City, for appellee.

SNELL, Justice.

Plaintiff-appellant sought divorce, alimony and allowance for child support. Defendant, although represented by counsel, offered no defense. He did testify when called to the stand by appellant's attorney.

The court granted appellant a divorce, custody of the five children, the home and furniture, alimony of five dollars per week and child support of nine dollars and fifty cents per week for each child, to be diminished as each child reaches the age of eighteen years, marries, dies, or becomes totally self-supporting.

The court awarded a rifle, three pistols and knife to the defendant-appellee along with certain other personal property, and awarded the home to the appellant.

The only questions presented on appeal are:

1. Whether the amount of alimony and support money allowed by the trial court is fair, equitable and sufficient.

2. Whether the awarding of the guns and knife to the appellee was proper under the circumstances.

We quote from the trial court's findings of fact:

"Plaintiff and defendant were married in 1952. The following children were born as an issue of the marriage: Yvonne, age 14; David, age 13; Douglas, age 12; Becky, age 6, and Dustin, age 5. (The ages are reflected as of March 7, 1968, the date the petition herein was filed.) Since the separation of the parties all five children have been residing with plaintiff in the family home in Iowa City.

"The parties own a home in Iowa City, which is titled in the names of both plaintiff and defendant. This home was bought in 1958 for $15,800. Since 1958, the home has been improved considerably and has a present market value of approximately $19,000 to $20,000. It is subject to a mortgage, present balance of which is slightly in excess of $7,000.

"Defendant owns a 1966 Chevrolet station wagon, which he needs in his work.

"Defendant owns 100 shares of stock in The Greater Iowa Corporation, which he

bought at $2.00 per share, but is presently worth approximately $1.25 per share.

"Defendant owns carpenter and electrical tools, and also owns three pistols, a rifle and a knife.

"Defendant is employed full time as a carpenter and enjoys a take-home pay of about $138.00 per week.

"A $2,000 bonus defendant received earlier this year has been divided equally between them.

"Plaintiff is not employed but is capable of gaining employment. * * *

"Since the marriage of the parties, the defendant has been guilty of such inhuman treatment as to endanger the life of his wife.

"The best interests of the minor children of the parties will be served if they are placed under the care, custody and control of the plaintiff, with reasonable visitation rights to defendant."

Plaintiff's grounds for divorce and right to custody of the children were established and are not challenged on appeal. The evidence relative thereto need not be reviewed. Plaintiff appealed from the allowance of alimony and child support as inadequate and the awarding of guns and knife to defendant.

At the time of trial plaintiff was 36 and defendant 38 years old.

The court found that the home was very well suited to the needs of plaintiff and five children. It was awarded to plaintiff. There is a substantial equity therein but it is subject to monthly payments of $105 to be paid by plaintiff. She could sell the house and have the equity converted into cash, but a family of six needs a house and rent obligations would follow.

Plaintiff owes numerous bills totaling over $1,000, including a dental bill for herself of $793.

Plaintiff has both before and during her marriage taken work at the University. With five children at home full time attendance is difficult. Her scholastic standing is not high. If she raises her grade point to the required minimum she estimates that she can get a teacher's certificate in two years.

We were told in oral argument that plaintiff now has some parttime low paid employment. This does not appear in the record.

Plaintiff was awarded child support of $9.50 per week per child until each child respectively reaches the age of 18, marries, dies, or becomes self-supporting, whichever occurs first.

Plaintiff was awarded $5.00 per week as alimony until she dies or remarries, or until defendant dies, whichever occurs first.

These allowances total $52.50 per week or about $215 per month. Plaintiff claims the allowance is inadequate and we agree. Actually it is considerably less than a family of six would be allowed under A.D.C. From the award of $215 plaintiff must first pay the mortgage payment of $105 per month leaving $110 for all other expenses. Neither the mortgage interest rate, the annual tax nor insurance cost appears. Exact computation is impossible, but with each payment plaintiff's equity in the home would increase and the mortgage should be amortized in about 8 years. During the same time the support payments will decrease as the children reach the age of 18 respectively. When the mortgage is paid plaintiff will still have herself and two children to support on $24.00 per week. Defendant should still be earning at least his present wages.

Plaintiff estimated her monthly needs at $555. We need not discuss her estimate. It is admitted that it is more than defendant can, under present circumstances, be expected to pay. Some realistic reconciliation between the needs of plaintiff and

children and defendant's ability to pay must be attempted.

In 1967 with overtime defendant earned about $10,000. That was his best year. He now works less overtime but has steady employment at $4.00 per hour. His take-home pay at the time of trial was $138.00 per week. From this he was required to pay plaintiff $52.50 leaving him $85.50 for himself. Fifty-two dollars and 50 cents per week for six people when compared with $85.50 for one person hardly seems to be a fair division of income.

I. Section 598.14, Code of Iowa, provides:

*"Alimony—custody of children—changes.* When a divorce is decreed, the court may make such order in relation to the children, property, parties, and the maintenance of the parties as shall be right."

 The trial court has considerable discretion and we give weight thereto, but are not bound thereby. Our review is de novo. Beno v. Beno, 260 Iowa 442, 445, 149 N.W.2d 778.

 II. It is well settled in Iowa that as between parents they are under the same legal duty to support the children. Addy v. Addy, 240 Iowa 255, 264, 36 N.W.2d 352 and authorities cited therein. Beasley v. Beasley, Iowa, 159 N.W.2d 449, 451.

III. We have repeatedly stated the criteria that must be considered in fixing support allowances and alimony. This is from Kjar v. Kjar, 261 Iowa ——, 154 N.W. 2d 123, 125:

"Although the conduct of the offending party is one of the factors to be taken into consideration in fixing a just and fair award to be granted to the offended party, it is not controlling. * * *

"It is well established in this jurisdiction that in determining the amount of alimony to which the wife may be entitled, it is not only the wife's necessity, but also the hus-

band's ability to pay, that the court must consider. In making this determination we have often said the factors that must be taken into consideration are the respective parties' age, health, future prospects, contributions to joint accumulations, existing financial obligations, obligation to children, earning capacity, past conduct, length of the marriage, and other pertinent facts that might aid the trial court in reaching a just and equitable result. [Citations]."

See also Cole v. Cole, 259 Iowa 58, 143 N.W.2d 350.

In Schantz v. Schantz, Iowa, 163 N.W.2d 398 the problem was reviewed and analyzed. The criteria were tabulated. An interesting commentary on this opinion appears in a case note in volume 18, number 2, page 298, Drake Law Review.

Repetition here of what we have frequently and recently said is unnecessary.

IV. In the case before us it is impossible to decree payments sufficient to provide for an affluent life or even actual needs of any of the persons involved. There is not enough money. These words from Cole v. Cole, supra, are appropriate here:

"Courts are constantly faced with the dilemma of how to divide a total income insufficient for the family needs when the members are separated. This is a classic example of the impossibility of fitting the needs of the wife and children to the ability to pay of the divorced husband and father." (loc. cit. 59, 143 N.W.2d loc. cit. 351).

In the same opinion we later quoted (loc. cit. 62, 143 N.W.2d 350) from White v. White, 251 Iowa 440, 442, 443, 101 N.W. 2d 18, 20, where these comments appear:

"Nor is there any sure formula for solving the problem. The courts can only make the best adjustment possible, often merely an informed guess, and hope that in some manner the parties can survive with-

out too much hardship. It is an unhappy by-product of family discord and divorce.

"We must be mindful not only of the needs of the children but of the divorced father. He should support his children, as best he can. But it will not do to burden him to the extent that all incentive is to be destroyed. The Bible has expressed the thought in these words: 'You shall not muzzle an ox when he treads out the grain.' Deuteronomy, 25:4. Some balance must be found between the needs of the children and the father's ability to pay."

See also Weiland v. Weiland, 255 Iowa 477, 481, 122 N.W.2d 837, 1 A.L.R.2d 377.

We are not possessed of the omnipotence necessary to provide an answer satisfactory to either party. We can only seek a formula for distribution of income that is as feasible and as fair as possible.

We conclude that the allowance per child to be paid by defendant should be increased to $13.00 per week. This, together with the $5.00 per week alimony, will give plaintiff and the children $70.00 per week. This is just about the amount defendant testified he had been paying to or for the family between the date of separation and the time of trial. If defendant's weekly pay continues the same as at the time of trial he will have nearly as much for himself. Out of fairness he should not expect to have more for himself than he provides for his family of six.

V. Defendant asked for his "guns and hunting stuff."

The court decreed that he have the three pistols, rifle and knife. Plaintiff complains and asks reversal. No abuse of the court's discretion appears.

VI. Except for the increase in child support payments indicated in Division IV, supra, the case is affirmed.

The case is remanded to the trial court for change in accordance herewith.

All Justices concur.