Nicholas J. McNAMARA, Appellee,

v.

Norma Nadine McNAMARA, Appellant.

No. 54238.

Supreme Court of Iowa.

Nov. 10, 1970.

Stewart, Wimer, Brennan, Joyce & Huff by Joseph B. Joyce, Des Moines, for appellant.

Webster, Jordan & Oliver by Lewis H. Jordan, Winterset, for appellee.

RAWLINGS, Justice.

Plaintiff husband filed action for divorce under The Code 1966, Chapter 598, claiming both cruelty and adultery. Defendant wife, by answer, admitted these allegations, then pled condonation and recrimination, this last defense being apparently later abandoned. Trial court, finding for plaintiff on both grounds asserted, granted him a decree, child custody and specified property. Defendant was awarded alimony, some personalty and attorney's fee. Both parties appeal. We affirm on both appeals.

These litigants were married May 27, 1961. Four children were born to them.

In April 1968, plaintiff discovered his wife was having an adulterous affair, and had engaged in at least one such prior entanglement. At time of this discovery defendant left the home to live with her paramour for a few days. When she returned the couple sought and undertook religious and secular marital counseling for several months. Defendant wife's adulterous conduct continued, however, until at least May 1968. She thereafter periodically visited her boyfriend, and expressed varying degrees of affection for him, until this case was set for trial in August 1969.

Following initiation of the aforesaid counseling program, and until November 1968, plaintiff thought the marriage was mending. Later that month he discovered his wife had arranged an afternoon meeting with her paramour and pursuant thereto had left the youngest child alone. This action was commenced a short time later.

The parties continued to live in the home and have sexual relations until about a week prior to trial. Other facts will be later considered as they relate to ultimate issues involved.

Propositions advanced by defendant on appeal are, trial court erred in, (1) awarding decree of divorce to plaintiff; (2) granting him child custody; (3) failing to effect an equitable distribution of property; (4) failing to award defendant additional alimony.

Plaintiff here asserts trial court erroneously, (1) taxed costs against him; (2) awarded attorney's fees to defendant; (3) failed to order defendant to contribute to support of the children.

I. As heretofore stated defendant readily admits adulterous conduct prior to May 1968, and continued deliberate contacts thereafter with her paramour until this case was set for trial.

Although mere association by one spouse with persons of the opposite sex does not in itself amount to adultery, such conduct may constitute cruel and inhuman treatment. Arnold v. Arnold, 257 Iowa 429, 435, 133 N.W.2d 53.

■ Without question this defendant's post-adulterous visitations with her boyfriend fall squarely within that category. Furthermore, the record is clear, and testimony amply corroborated, as to the adverse effect of defendant's conduct on plaintiff's health. This means plaintiff satisfactorily established cruel and inhuman treatment on defendant's part.

II. But that alone is not instantly determinative. Before determining plaintiff's right to a divorce the matter of condonation here pled and pursued by defendant must be considered.

■ That asserted defense denotes forgiveness of prior matrimonial offenses conditioned on absence of repetition, or other subsequent conduct violative of duties attendant upon the marital relationship. The burden of proof in this regard is upon the asserting party. Lovett v. Lovett, 164 N.W.2d 793, 801–802 (Iowa).

III. The circumstances from which necessary inferences can be drawn as to condonation are not identical in all instances.

With regard to adultery, continued cohabitation of the spouses, attended by intercourse subsequent to discovery of the offending conduct, will ordinarily qualify as inferential condonation. *See* 1 Nelson, Divorce, § 11.03; 24 Am.Jur.2d, Divorce and Separation, § 215; *cf.* Lovett v. Lovett, supra.

IV. It is also understood, cohabitation alone may serve to create a strong inference, if not a presumption of condonation, but is not conclusive as a defense to alleged cruelty. Lovett v. Lovett, supra; Duwe v. Duwe, 246 Iowa 1336, 1338–1339, 72 N.W.2d 501; 24 Am.Jur.2d, Divorce and Separation, § 216.

Stated otherwise, when the offense is of a recurring nature an implication of pardon does not always attend continued sexual relationship alone. *cf.* 1 Nelson, Divorce, § 11.05; 24 Am.Jur.2d, Divorce and Separation, § 216.

■ Here, although defendant's adulterous activities may have ended in May of 1968, she continued to repeatedly seek out and associate with her paramour until sometime in July 1969, when this case was set for trial. That hardly qualifies as a termination of cruel and inhuman conduct.

So, while there may have been, arguendo, condonation relative to defendant's acts of adultery, no such forgiveness attended the cruelty arising from continued post-adulterous association with her paramour.

Moreover, the circumstances here disclosed permit no inference this defendant intended to forever terminate her extramarital activities.

It is to us apparent plaintiff's continued marriage relationship with defendant after May 1968, created no inference of forgiveness relative to the cruel and inhuman treatment here established by plaintiff. In light of the foregoing, condonation, as related to cruelty, was not established.

V. Finally, in connection with the foregoing, plaintiff testified the only reason he continued to live in the home was to insure adequate care for the children, coupled with a hope the marriage might thereby be saved.

It has never been and is not our position a parent should be punished by reason of efforts to preserve a marriage or for acting in the protection of his or her children. *See* Schantz v. Schantz, 163 N.W.2d 398, 403 (Iowa); Fritz v. Fritz, 260 Iowa 409, 417–418, 148 N.W.2d 392; Howe v. Howe, 255 Iowa 280, 285, 122 N.W.2d 348. *See also* 1 Nelson, Divorce, § 11.04, nn. 38 and 40.

We now hold the granting of a decree of divorce to plaintiff by reason of cruel and inhuman treatment on defendant's part must be and is affirmed.

VI. As to the matter of child custody, the governing consideration is the children's best interests. Iowa R.Civ.P. 344(f) (15); Halstead v. Halstead, 259 Iowa 526, 144 N.W.2d 861.

It appears both parents are about equally capable of caring for the children. We must therefore look to other factors in determining the matter of custodial rights.

In that area one element to be considered is the apparent moral environment in which the children will be raised. *See* Utter v. Utter, 261 Iowa 683, 687–688, 155 N.W.2d 419; Fritz v. Fritz, 260 Iowa supra at 418–421, 148 N.W.2d 392; 2 Nelson, Divorce, § 15.06 at nn. 46–50 and 52.

■ The record reveals plaintiff father conscientiously adheres to religious teachings and would apparently rear his children in the same manner. Furthermore, no showing is made which reveals he has ever done anything which would lead this or any other court to believe the children would be raised by him in less than a moral and proper atmosphere.

On the other hand defendant mother's conduct has unquestionably been less than moral.

Moreover, in the course of her adulterous affair, defendant exhibited a total disregard for the children's welfare by leaving them alone at various times, and by bringing her paramour to the family home where she "entertained" him while the youngsters were present, presumably asleep.

Although immorality would not, in itself, mean defendant is an unfit person to have custody of her children, there is little or nothing to indicate she had so mended her ways at time of trial as to have preferential custodial rights.

It is thus apparent the children's best interests would not be served by placing them in defendant's custody. *See* Jones v. Jones, 175 N.W.2d 389, 391–392 (Iowa); Kayser v. Kayser, 164 N.W.2d 95, 103–104 (Iowa); Wendel v. Wendel, 252 Iowa 1122, 1126–1127, 109 N.W.2d 432; 2 Nelson, Divorce, § 15.06; Annot. 23 A.L.R.3d 6.

Trial court held and we conclude the children are to be in plaintiff father's custody.

VII. The next question to be considered is the matter of property distribution and alimony. In divorce cases this is left largely to trial court's sound discretion. The Code 1966, Section 598.14; Cole v. Cole, 259 Iowa 58, 60–61, 143 N.W.2d 350; Freel v. Freel, 253 Iowa 327, 330, 112 N.W.2d 371; *see* Schantz v. Schantz, 163 N.W.2d 398, 405–406 (Iowa).

The parties to this action accumulated few worldly goods during existence of the marriage relationship. That which they had resulted largely from gifts by members of plaintiff's family, with comparatively few items being given them by defendant's relatives. All personalty was heavily encumbered.

■ Trial court awarded to each party the household goods given them by their respective families, and decreed plaintiff hold defendant harmless from all debts.

Further, in this regard, defendant was also awarded an automobile free from encumbrance, and $100 a month as alimony, payable for six months, which should permit her to make the transition from married life to that of a single person.

In view of the fact plaintiff has custody of the children he needs the home in order to shelter and care for them.

Then too plaintiff neither earns nor possesses such means as will enable him to maintain himself, the children, hire a housekeeper and at the same time pay additional or periodic alimony to defendant. The record also discloses defendant is able to work and support herself.

Finding as we do there was no abuse of discretion on the part of trial court in the distribution of property, and alimony granted defendant, these awards will stand.

■ VIII. As previously disclosed plaintiff urges, on cross-appeal, trial court erred in not adjudging defendant liable for child support.

In this jurisdiction both parents are under the same legal duty to support their children. *See* Beasley v. Beasley, 159 N.W.2d 449, 551 (Iowa). That does not mean, however, in every case where a divorce is granted the noncustodial parent shall be held liable for any portion or all of his or her children's financial needs.

This problem must, in each instance, be resolved by a fair consideration of many factors, including ages and needs of the children, health of all parties involved, and relative ability to pay. *See* Weiland v. Weiland, 255 Iowa 477, 480–481, 122 N.W.2d 837.

Our de novo review leads us to conclude trial court correctly refused to hold defendant liable for child support. Ia.R.Civ. P. 334 and 344(f) (7); *e. g.,* Fritz v. Fritz, 260 Iowa 409, 414, 148 N.W.2d 392.

IX. Plaintiff also challenges trial court's award of attorney's fee to defendant.

It is well established in this jurisdiction that where, as in the instant case, a husband institutes divorce proceedings he may, in any event, be held liable for the wife's attorney fee in defending. Lovett v. Lovett, 164 N.W.2d 793, 804 (Iowa).

 As best we can determine defendant wife was without means to defend against this husband initiated action. An award by trial court to defendant for her attorney's fee was proper.

X. But plaintiff also argues the $800 fee allowance was excessive.

A closely related problem is presented by defendant's request she be granted an additional appeal related attorney's fee. Little will be accomplished by an extended discussion of this subject.

The amount awarded for services performed by defendant's legal counsel in defending against plaintiff's action was determinable by trial court in the exercise of sound judicial discretion.

And, where appropriate, an attorney's fee will be accorded an appealing wife, by this court. *See* Garrison v. Garrison, 179 N.W.2d 466, 471 (Iowa); Wells v. Wells, 168 N.W.2d 54, 64 (Iowa); Bullocks v. Bullocks, 259 Iowa 496, 500, 144 N.W.2d 924.

Although the fee allowance by trial court was substantial under the circumstances, we find no cause to modify or reverse.

It still remains, however, despite apparent good faith on the part of defendant's attorney in seeking an appellate review, defendant's request for attorney's fee attendant upon this appeal must be and is denied.

XI. Finally, plaintiff contends, since he was the successful party it was error to tax trial costs to him.

Here again, this being an equity action, the court's discretionary determination is ordinarily dispositive. Wymer v. Dagnillo, 162 N.W.2d 514, 519 (Iowa).

We are satisfied no persuasive cause has been shown justifying a reversal regarding trial court's assessment of costs.

Additionally it is to us evident the costs attendant upon this appeal should also be and are taxed to plaintiff.

Affirmed.

All Justices concur.