In Re the MARRIAGE of Connie Sue FOR-
EST and Kenneth Wayne Forest.

Upon the Petition of Connie Sue FOREST,
Appellee,

v.

And Concerning Kenneth Wayne FOREST,
Appellant.

No. 55468.

Supreme Court of Iowa.

Oct. 18, 1972.

Stewart, Wimer, Brennan & Joyce, Des Moines, for appellant.

Peddicord, Simpson & Sutphin, and Michael G. Shepherd, Des Moines, for appellee.

Heard before MOORE, C. J., and UHLENHOPP, REYNOLDSON, HARRIS, and McCORMICK, JJ.

UHLENHOPP, Justice.

The decision in this appeal turns on whether the interests of two children will best be served by granting custody of them to Connie Sue Forest, their mother, or to Kenneth Wayne Forest, their father.

The parties were married in 1960. Two children were born to them, a boy aged 10 at time of trial in 1971 and a girl aged eight. During most of the marriage the parties had a normal family life, although Mr. Forest was somewhat inattentive. Of the two parents, Mrs. Forest was considerably closer to the children. She participated more in their home, school, and other activities and was the one they turned to with their problems. The relationship between Mr. Forest and his daughter was not close, and he refused to participate in some organized recreational

activities for fathers and daughters saying he "didn't know what to do with a little girl." Nonetheless, both parents love the children and both children love the parents.

Near the end of the marriage, Mr. Forest did not demonstrate affection toward Mrs. Forest and another man did. Mrs. Forest yielded to the overtures of the other man and had an affair with him including sexual relations—on occasion in the Forest home at night. While the affair was in progress, Mrs. Forest commenced the instant proceeding to dissolve the marriage. The affair ended before trial, but thereafter Mrs. Forest had dates with another man and on several occasions had sexual relations with him.

The facts were fully brought out at trial—the relationship of the parties to each other and to the children, the financial situation, and Mrs. Forest's affairs with the other men. After trial, the trial court dissolved the marriage, granted Mrs. Forest custody of the children, and provided for a property division, support payments, and costs. Mr. Forest appealed.

Mr. Forest does not attack the dissolution of the marriage. His attack is upon the grant of custody of the children to Mrs. Forest and upon the consequent property division and support provisions. If he is right in his attack on the grant of custody, the property division and support provisions must be substantially changed. But if the grant of custody is proper, the decree may stand as it is.

■ We turn therefore to the ever-difficult task of trying to determine the best interests of children—our objective in custody contests. Forsyth v. Forsyth, 172 N.W.2d 111 (Iowa).

This particular contest would be relatively simple but for the mother's misconduct just prior to the dissolution. The evidence shows beyond question that with the exception of such misconduct, Mrs. Forest was a good wife, mother, and homemaker. The children are yet young and

one of them is a girl. Absent the misconduct, we would quickly grant Mrs. Forest custody. Neff v. Neff, 193 N.W.2d 82 (Iowa).

■ But we have the not-infrequent complication of marital misconduct on the mother's part. When this complication enters the picture, we endeavor to avoid granting or withholding custody as punishment to the mother or as reward to the father. We try to hold objectively to the best interests of the children, we place the mother's conduct on the scale with the other facts, and we inquire whether the mother's misbehavior shows she would be a poor custodian of the children. McNamara v. McNamara, 181 N.W.2d 206 (Iowa); Kayser v. Kayser, 164 N.W.2d 95 (Iowa); Wendel v. Wendel, 252 Iowa 1122, 109 N.W.2d 432.

We are troubled about this case. The children have spent their lives to this time mostly with Mrs. Forest. She has done well with them. She is admirably suited to take care of them—considerably better suited than Mr. Forest. She argues that Mr. Forest was not attentive or affectionate, that she was faithful through the years and only did wrong near the end, and that she is not a depraved or dissolute woman. Yet she did act improperly, and her misconduct creates nagging uncertainty about her fitness as custodian.

On the other hand, Mr. Forest is not in as good position as she is to take care of the children. He has not been as close to them, particularly to the daughter—and the children should stay together. He is a workingman and if he has the children he will have to arrange for a housekeeper or obtain some such assistance. He says he can get his mother to live with him. She is presently single but has been four-times married and it is not known how long she will be available to take care of the children. Moreover, she is not as close to them in age as Mrs. Forest is to see them through childhood and adolescence.

The trial court had the parties before it throughout the trial, observed their demeanor, and was in a better position than we are to evaluate them as custodians. The trial court concluded, "Despite the indiscretions of the Petitioner, it would appear that the best interests of the minor children would be served by awarding her custody of the children with liberal visitation rights with the Respondent."

 Although we are not free from all doubt, after reflecting upon the case we have concluded that the decree of the trial court should stand.

Mrs. Forest's attorneys are allowed a fee of $500 of Mr. Forest in connection with this appeal.

Affirmed.