**In re the MARRIAGE OF Sandra Lea ROFF and Roger Lee Roff.**

**Upon the Petition of Sandra Lea ROFF, Appellee,**

**and concerning Roger Lee ROFF, Appellant.**

No. 2-57274.

Supreme Court of Iowa.

April 16, 1975.

M. G. Hardesty, Jr., of Simmons, Perrine, Albright & Ellwood, Cedar Rapids, for appellant.

R. Fred Dumbaugh, Cedar Rapids, for appellee.

Heard by MOORE, C. J., and RAWLINGS, REES, UHLENHOPP, and McCORMICK, JJ.

McCORMICK, Justice.

This is an appeal by respondent Roger Lee Roff from the custody, visitation, and property provisions of a decree dissolving his marriage to petitioner Sandra Lea Roff. We modify, affirm, and remand.

Roger and Sandra are each 28 years old. They were married in 1963 and separated ten years later, 1973. They have two children, LaMont (Monty), age ten, and Leea, age eight.

Roger is a journeyman carpenter. He had been laid off and fired from several construction jobs during the marriage. At the time of trial he was employed as a night-shift machine assembly operator at Collins Radio in Cedar Rapids, earning about $150 a week. Sandra had held occasional waitress jobs for short periods but was not employed at the time of trial. She received Aid to Dependent Children benefits and food stamps.

The dissolution decree was entered March 25, 1974. The court awarded custody of the children to Sandra. Roger was given visitation with the children one weekend a month, three specified annual holidays, and two weeks during the summer. He was ordered to pay child support of $35 a week until January 1975, increasing then to $45 a week. Roger was also ordered to pay the debts of the parties pursuant to a bankruptcy wage earners plan entered prior to the dissolution. That obligation was about $1400, payable $40 a week. It would be paid off in ten months.

The only substantial asset of the parties was their two-bedroom home in Cedar Rapids. It had an estimated value of $13,500 and was subject to an $8000 mortgage. The home was awarded to Roger, but Sandra was awarded $1000 to be paid by Roger by January 1, 1978, or in the event of earlier sale of the residence.

The questions in this appeal are whether the trial court erred in granting custody of the two children to Sandra, if not, whether the court erred in limiting Roger's visitation rights, and whether the property settlement award to Sandra was excessive.

I. The custody question is hotly contested and close. We have examined the record in light of the principles discussed in In re Marriage of Winter, 223 N.W.2d 165, 166–167 (Iowa 1974) and In re Marriage of Dawson, 214 N.W.2d 131 (Iowa 1974).

The children are basically normal and of at least average intelligence. They achieve well in school. Leea is healthy. Monty has a non-disabling physical condition which requires special care on occasion. He has been a behavior problem in school, manifesting moodiness and resentment of authority. He appears to need psychological attention, which Sandra has proposed for him.

Both children expressed a preference to be in their mother's custody.

Sandra has had the major role in caring for the children. Roger's construction jobs frequently kept him away from home except on weekends. Sandra attributes the breakdown in the marriage to those absences and what she described as Roger's irresponsibility and uncontrolled temper. Rog-

er accuses Sandra of sexual misconduct and asserts she has poor health and neglects the home and children.

Considerable evidence was introduced bearing upon the charges and countercharges of the parties. Unfortunately, the record shows the children have lived in an atmosphere of inter-parental bitterness and harassment.

Roger has not demonstrated an ability or willingness to accept the responsibilities of parenthood. He seems frequently to have gone his own way during the marriage. He does have a hot temper. He proposed to keep the children in their prior home. His mother lived there with him. She worked days in a packing plant but would be home evenings and nights. In this arrangement Roger's mother would have primary care of the children. Her suitability for this role is not clear.

Even though Sandra has had serious health problems, she seemed to have overcome all of them except occasional migraine headaches as of the time of trial. Her housekeeping has been poor at times. Basically, however, although she has sometimes used poor judgment regarding care of the children, she has not neglected them.

Sandra's most serious character flaw is reflected in her intimate association with three convicted felons subsequent to her separation from Roger and her dissembling at trial regarding those relationships. This misconduct creates great uncertainty about her fitness as custodian of the children. See In re Marriage of Bowen, 219 N.W.2d 683, 689 (Iowa 1974); In re Marriage of Dawson, supra; In re Marriage of Forest, 201 N.W.2d 728 (Iowa 1972). She says the children are the center of her life. At the time of trial she had rented a home in Cedar Rapids and appeared to be stabilizing her situation. However, she was still regularly associating with a married man of questionable character.

We do not approve Sandra's conduct. Yet, under the present record we are unable to say the custody of the children should have been awarded to Roger. The award to Sandra seems to be the better of the two alternatives presented to the trial court.

We conclude that under the present record the interests of the children are better served by Sandra having their custody than they would be if Roger had their custody. Nevertheless, we hold the decree should be modified to include a provision for supervision by the trial court of Sandra's custody of the children on such terms and for such period as to the trial court in its discretion seems reasonable. See In re Marriage of Bowen, supra, 219 N.W.2d at 689.

We endorse the observation of a social worker who investigated the situation that, "Both parents should be made aware that Leea and Monty have a right to a loving relationship with both their mother and their father without negative influence from either of them. It is essential for the children's emotional development that Roger and Sandra stop the fighting and harassment, or at least leave the children out of their personal differences." We add that Sandra must demonstrate by her conduct that the children are truly the center of her life.

II. The visitation problem is more easily resolved. Sandra expresses willingness to permit enlargement of visitation. Since the parties both reside in Cedar Rapids, occasional additional visitation by Roger should not be disruptive or inconvenient. Upon remand the decree should be modified to provide for reasonable additional visitation by Roger with the children.

III. The lump sum property award of $1000 to Sandra was modest and fully justified under the record. It should stand.

IV. Sandra's attorney has filed an itemized statement of $746.28 for fees and expenses attributable to defending this appeal. We believe these charges are reasonable and, upon remand, Roger should be ordered to pay them.

Except as ordered modified, the decree of the trial court is affirmed.

Modified, affirmed, and remanded.