In re MARRIAGE OF Sandra Kay SHAMBAUGH and Craig W. Shambaugh,

Upon the Petition of Sandra Kay Shambaugh, Petitioner–Appellee,

And Concerning Craig W. Shambaugh, Respondent–Appellant.

No. 86–1273.

Court of Appeals of Iowa.

Aug. 26, 1987.

Charles A. Coppola, of Coppola, Coppola & Clark, West Des Moines, for respondent-appellant.

M.W. Miller, Jr., of Miller, Miller, Miller, Green & Miller, Cherokee, for petitioner-appellee.

Heard by OXBERGER, C.J., and DONIELSON and SCHLEGEL, JJ.

OXBERGER, Chief Judge.

In this appeal, respondent Craig Shambaugh challenges the child support provision of the decree dissolving his marriage to petitioner Sandra Kay Shambaugh.

Craig argues that the child support obligation imposed upon him pursuant to the decree exceeds his financial capabilities and therefore should be reduced. We affirm as modified.

The record discloses that the parties' marriage was dissolved in August of 1986. The dissolution decree named Sandra custodian of the parties' three minor children, and ordered Craig to pay child support of $90 per month for each child. Unfortunately, both Craig and Sandra have extremely low earning potential: the record reflects that Craig is permanently disabled and receives only $758 per month in social security disability payments. Similarly, Sandra possesses no marketable skills and her sole income is $376 per month which she receives from social security as benefit for the child. As expected, the more problematic aspect of both Craig and Sandra's financial predicaments is the fact that their expenses vastly exceed their respective incomes. Craig's financial affidavit indicates that his basic monthly expenses for rent, food, utilities, clothing and car expenses total approximately $675 not including any personal expenses, and excluding the child support obligation of $270. Similarly, Sandra's estimated monthly expenses exceed $1,100. It is against this factual backstage that we now address Craig's request that the child support obligation be reduced.

 The principles governing the proper amount of a parent's child support obligation are familiar and well established. In fashioning such an obligation, it is incumbent upon a trial court to consider both the needs of the child or children in question and the financial resources of each parent. See In re Marriage of Bornstein, 359 N.W.2d 500, 504 (Iowa App.1984). A number of factors relevant to this inquiry are set forth in Iowa Code section 598.-21(4).

The Social Security Administration's benefits are recognized as set at subsistence level for the permanently totally disabled person. To subtract from this concededly inadequate amount the sum of $270 per month is to destroy all incentive to comply.

White v. White, 251 Iowa 440, 101 N.W.2d 18, 20 (1960).

The Social Security Administration sets benefits for the needs of three minor children at $376 per month. Admittedly, these funds are inadequate. We recognize the economic reality that discourages Sandra from becoming employed. Her earning capacity is below the cost of day care for the three children. Perhaps the only solution is additional governmental assistance from another program.

Our dilemma is not resolved by destroying Craig's capacity to survive. We modify the child support award to require Craig to continue to qualify for the Social Security Administration benefits for his minor children. During the time his sole income is from permanent total disability benefits from Social Security, we do not order him to pay any additional child support payments. Costs are taxed to Craig.

AFFIRMED AS MODIFIED.