ESTHER BAMESBERGER, Appellee, v. HARRY R. G. BAMESBERGER, Appellant.

No. 47034.

JUNE 17, 1947.

Ralph H. Munro, of Fairfield, for appellant.

Richard C. Leggett and Thoma & Thoma, all of Fairfield, for appellee.

HAYS, J.—Plaintiff was granted a divorce from defendant on the grounds of cruel and inhuman treatment. She was also granted the care and custody of the four minor children. The trial court had before it a property stipulation, signed by both parties, but in awarding alimony and child support to plaintiff it refused to accept the stipulation. The award made was considerably in excess of the stipulated terms. No question is raised on appeal so far as the granting of the divorce to plaintiff is concerned, but defendant appeals from that part of the decree allowing alimony and child support.

Under the terms of the stipulation appellee was to have the custody of the children. She was to have one hundred acres of real estate, subject to a $5,000 mortgage, which she would assume, together with certain livestock, automobile, and all hay, feed, etc., on said premises. Appellant was to have one hundred eighty-five acres of real estate, subject to an $8,200 mortgage, which he would assume, together with certain livestock and the farm machinery. He was also to pay all doctor bills for the children and $10 a month until they reached their majority. Appellee and appellant were each to pay one half of a $2,200 chattel mortgage against the livestock.

Under the terms of the decree appellee is given all property, including real estate, she to assume the mortgages against same, household goods, farm machinery, livestock, automobile, and farm leases, except a truck and appellant's clothes, which were given to him. Appellant was also ordered to pay the sum of $15 per month, per child, until each child attained the age of eighteen years, and the costs of the action. Appellee was ordered to pay all indebtedness incurred in farming operations, which included the $2,200 chattel mortgage.

The record shows that appellant had been guilty of abuse, neglect, and violence, both physical and mental. The record is exceptionally free from evidence of fault upon the part of appellee. The parties were married in 1935. At that time neither had property. Soon after the marriage appellee inherited some

$3,000, which was used to purchase household goods, a car, and farm machinery. The farming venture was a failure. Appellant, a steam fitter, worked at this trade in 1941, 1942, 1943, and 1944, part time, at $1.50 an hour. However, he contributed but a portion of this for the support of the family. In 1943, appellee inherited some $30,000, which was used in acquiring the real estate and personal property involved herein. Title to the real estate was in both parties, with right of survivorship.

The propositions relied upon by appellant for a reversal may be stated in two propositions: (1) That the court was required to accept the terms of the property settlement in its award of alimony and child support; and (2) that, even though not bound by the terms of the stipulation, the allowances made by the court were in violation of section 598.14, Code, 1946.

I. Appellant's first proposition is that the trial court was required to accept the terms of the property stipulation. This theory is based upon the idea that the stipulation, being bottomed upon a valid consideration, constitutes a contract between the parties which the court must recognize. Appellant concedes that, if procured by fraud, the same is not effective.

The question raised here has been passed upon by this court, and others, many times. 27 C. J. S., Divorce, section 234, states the proposition as follows:

"As a general rule, no agreement by the parties can oust the jurisdiction of the court with respect to the awarding of alimony."

17 Am. Jur., Divorce and Separation, section 611, states the rule, thus:

"While it is true that husband and wife cannot lawfully enter into an agreement for divorce, yet it is well settled that the amount of alimony which the husband is to pay to the wife, the terms of the payment, and the length of time during which such payment is to continue may be all arranged between them by consent, *subject to the ratification of the court;* and when such an agreement is embodied in the decree, the courts will enforce it." (Italics supplied.)

In this state, divorce and matters incidental thereto are

statutory and are covered by chapter 598, Code, 1946. Section 598.14 deals with the question of child support and alimony allowance. It reads as follows:

"When a divorce is decreed, the court may make such order in relation to the children, property, parties, and the maintenance of the parties as shall be right.

"Subsequent changes may be made by it in these respects when circumstances render them expedient."

In Nicolls v. Nicolls, 211 Iowa 1193, 1200, 235 N. W. 288, 291, we said: "Moreover, it is claimed by appellant that the original judgment and decree was entered upon the stipulation of the parties, and therefore it rises to the dignity of an enforcible contract. There being a contract supporting the alimony, appellant maintains, Section 10481 of the 1927 Code [section 598.14, Code, 1946] does not in any way tend to overcome such agreement. Clearly, this position is not tenable. The so-called stipulation in this case, as is always done, was made subject to the approval of the district court."

This court, in In re Guardianship of McFarland, 214 Iowa 417, 426, 239 N. W. 702, 706, said:

"In the event that the action for divorce had been tried and a divorce granted, it would have been the duty of the court to have made such order in relation to the custody and maintenance of the child as he should have deemed right and proper. See Section 10481, Code, 1927 [section 598.14, Code, 1946]. And this is true, regardless of any contract relative to the custody of the child between the contesting parties."

In Whittier v. Whittier, 237 Iowa 655, 662, 23 N. W. 2d 435, 440, appears the following statement:

"There can be no doubt that the parties had the right to enter into the stipulation, subject to the court's approval, and the court could approve and give effect to the stipulation if it appeared to be fair and reasonable."

In some instances this court, in considering the question now before us, has by the use of general statements perhaps

tended to convey the idea that such agreements are binding upon the court. For example, in Castelline v. Pray, 200 Iowa 695, 698, 205 N. W. 339, 341, we said:

"We have ever recognized the right of a husband and wife, in anticipation of separation, to make contracts for the division of their property, and these contracts have always been enforced by the courts."

Again, in McNally v. Emmetsburg Nat. Bk., 197 Iowa 602, 609, 192 N. W. 925, 928, appears the following:

"It has frequently been recognized that a husband and wife may make a compromise of their property rights, even before a divorce is granted, where the settlement is made in good faith, and in contemplation of a divorce, and where the divorce is afterward granted."

Section 598.14, Code, 1946, clearly makes it the sole responsibility of the trial court, when a decree of divorce is granted, to make the provisions for alimony and maintenance of the children. While a property agreement between the parties is often of great assistance to the trial court in exercising the discretion given it by the statute, it is the decree of the court that is the final and effective word, whether the stipulation be adopted or rejected. In order to remove any uncertainty that may exist regarding this question, we now hold that a property settlement entered into between the parties to a divorce action, in anticipation of a divorce, is not binding upon the trial court as a matter of law, and this is true whether the same be free from or tainted with fraud.

In the instant case, the trial court found under the record that the stipulation was tainted with fraud and refused to accept its terms. With this finding we agree but, whether the court be right or wrong in its finding of fact, it was not required to adopt the stipulation tendered into court and appellant's contention of error is without merit.

II. Appellant further contends as a basis for reversal that the allowance of alimony and child support, as made by the court in its decree, violates the provisions of section 598.14, Code, 1946. While this proposition may appear to be inter-

woven with appellant's first proposition, there is a decided difference. Proposition No. 1 raises simply an abstract legal proposition not dependent upon the facts in the case. Proposition No. 2 concerns the exercise of the court's discretion, under the statute, in the light of the facts in the case.

The trial court found under the record that the entire property involved herein was acquired through the use of appellee's inheritance. In its finding of facts, the court says:

"As to the land and other property, it must be borne in mind that this is not a case of community property which was accumulated by the joint. efforts of both of them, but was in fact a windfall which came to the wife within a short time of their separation. The Court does not see what claim, either in law or equity, that defendant has to this property."

In view of the almost undisputed record on this fact question, and the fact that appellant is the guilty party, we are inclined to agree with the trial court, especially in view of the additional fact that the appellee has the care, custody, and responsibility of the four minor children.

However, appellant also questions the soundness of that part of the decree which allows appellee $15 per month, per child, until each child reaches the age of eighteen years. In this respect we are inclined to agree with appellant. By the terms of the decree, appellant leaves the family with his clothes and a truck. The appellee received property which represents, in the main, her $30,000 inheritance. In determining these questions the court should consider the financial status of each party and ability to pay. The court should also recognize the responsibility of a parent to provide for his minor children. Allowing appellee the entire property as we do, we are of the opinion that the award for the care of the children should be modified by requiring the appellant to pay the sum of $20 per month for the support of the four children until the youngest child reaches the age of eighteen years. As thus modified, the decree should be affirmed.—Modified and affirmed.

OLIVER, C. J., and BLISS, HALE, GARFIELD, MANTZ, MULRONEY, and SMITH, JJ., concur.