RUTH MARIE MESSER, Appellee, v. CLIFFORD C. MESSER, Appellant.

No. 47057.

JULY 29, 1947.

Ralph H. Munro, of Fairfield, for appellant.

Richard C. Leggett, of Fairfield, for appellee.

SMITH, J.—Plaintiff's right to divorce and custody of her infant child is not questioned on appeal. We have only to consider the provisions of the decree for alimony and the support of the child. On the day the petition was filed a stipulation was

signed by the parties whereby plaintiff would have been awarded $1,000 in full of all property rights against defendant and $20 per month for support of the child.

This stipulation was drawn by an attorney who, the same day, purporting to act for plaintiff, filed her petition in the case. Later, however, he appeared as attorney for defendant and filed answer and cross-petition. Ultimately he became a witness for defendant on the trial, presumably having withdrawn his appearances, since he does not appear as attorney for either party on appeal, but no formal withdrawal appears in the record.

On the same day the stipulation was drawn and the petition filed defendant entered his appearance in writing, waiving notice, consenting that the matter be heard and determined "at any time," and admitting the allegations of the petition. It is fair to infer this was drawn by the same attorney.

Some days later plaintiff, through another attorney, amended her petition, repudiated the stipulation, alleged abuse and consequent fright amounting to duress, and prayed "for such alimony, suit money, attorney fees and support money for her child as may be equitable in the premises." Thereafter the answer and cross-petition were filed.

The trial court found the provisions of the stipulation inadequate and unfair to plaintiff and refused to approve it; and in lieu of its provisions awarded her $1,000 in addition to the $1,000 already paid her when the stipulation was signed. The decree also gives her $30 instead of $20 per month for the care and support of the child. The correctness of this action constitutes the only question on appeal.

I. In Bamesberger v. Bamesberger, 238 Iowa 492, 28 N. W. 2d 28, we reasserted the proposition that a property settlement between the parties is not binding on the court as a matter of law. The authorities are there reviewed and need not be cited again here.

II. We have no hesitancy in affirming the decision of the trial court. Plaintiff was twenty-four years old and defendant thirty-six when they were married November 4, 1944. Both worked in the Burlington ordnance plant. The baby was born

May 7, 1945. Unfortunately, they moved in with defendant's parents into a home owned by defendant. Other members of his family lived in the vicinity. The situation and circumstances were such as to invite antagonisms and trouble between plaintiff and defendant's people.

There was an outbreak of physical violence one evening. The next day plaintiff and defendant together went to an attorney's office, where the stipulation and petition were drawn. The subsequent wholly indefensible conduct of the attorney indicates plaintiff had no competent or adequate legal advice or protection. The stipulation on its face bears evidence of having been entered into in consideration that defendant would "enter no defense," and the written appearance of defendant was clearly designed to that end. The attorney testifies, "I expected to prove up a default divorce case."

The uncontradicted record shows that defendant was worth at least $8,000, perhaps more. He had an earning capacity of $1 per hour. Plaintiff had none and could not have any without employing someone to care for the child. We think the allowances made by the trial court are equitable and fair and the decision is accordingly affirmed.—Affirmed.

OLIVER, C. J., and BLISS, HALE, GARFIELD, MANTZ, MULRONEY, and HAYS, JJ., concur.