ANN BRIN, Appellee, v. HARRY BRIN, Appellant.

No. 47397.

(Reported in 37 N. W. 2d 261)

MAY 3, 1949.

Prince & Guthrie, of Webster City, and Lundy, Butler & Lundy, of Eldora, for appellant.

Helsell, Burnquist & Bradshaw, of Fort Dodge, for appellee.

SMITH, J.—The original suit was for separate maintenance and was by amendment of petition converted into one for divorce. The decree, entered March 17, 1943, awarded plaintiff a divorce and the custody of the minor children, Leon, age seventeen, and Bradley, age eight. Pursuant to stipulation plaintiff was given a lump sum of $15,000 ($10,000 down plus five annual $1000 installments) and $200 per month until Leon became twenty-one years old, thereafter $150 during Bradley's minority, and after that $100 until plaintiff's death or remarriage.

The $15,000 provision is referred to in the stipulation as "fixed alimony" and in the divorce decree as "alimony" but plaintiff contends and testifies it was in fact a property division, representing her share of defendant's property, earned by their joint labors. There is no contradiction of this except as might be implied from the above quoted language of the stipulation and decree.

There were other provisions of the original decree providing for amortization of the continuing monthly payments into a lump sum in case of defendant's death, also giving plaintiff household goods and automobile and allowing her attorney fees, and preserving to the children the benefit of certain insurance policies payable to them.

The present proceedings were brought after Leon had become of age and while plaintiff was receiving $150 per month. She asked that it be increased to $300. The trial court increased it to $250 because of increased cost of living and increased income of defendant.

█ I. The term "alimony" usually and technically means an allowance for wife support and is distinguishable from property settlement and child support. But it has been said that "in a broader sense it covers an award made for the support of minor children" and "is used in some instances to designate the amount allowed the divorced wife in settlement of property rights." Nelson v. Nelson, 181 Or. 494, 501, 502, 182 P. 2d 416, 420.

We think testimony was competent here to show the $15,000 provision was in effect a property division and plaintiff was not required to draw on it for increased living expense if otherwise entitled to a modification of the decree in order to increase the allowance for support.

II. The language of the modifying order or decree indicates the trial court based the increase upon the theory that the monthly payments were for the support of Bradley during his minority. Defendant, on appeal, first questions the correctness of this assumption (pointing out that $100 payments are to continue after Bradley comes of age) and then argues that even on such theory the amount allowed is grossly disproportionate to the changed circumstances.

It may be conceded the language of the original divorce decree does not expressly state that any part of the monthly payments was for support of the minor children. However, the payments were in addition to the $15,000 lump sum and the original $200 monthly payment was to be diminished $50 each time one of the minors attained majority. The inference is in-

escapable that the amounts were intended for support of both plaintiff and the children during their minority and of plaintiff thereafter during her life. The judgment was in favor of plaintiff upon whom was placed the financial burden of the children's support and not a direct allowance to the children themselves for such support.

We consider the distinction immaterial here. The trial court by the modification order (May 12, 1948) and the supplemental decree thirteen days later (May 25, 1948) makes clear that the increase is to be treated as an allowance for additional support for Bradley's benefit and not an increase of alimony to plaintiff.

III. The parties are in no disagreement as to the right of the court to modify an original allowance (either for alimony or child support) to conform to changed circumstances of the parties. Defendant correctly argues the original allowance was conclusive as to the circumstances existing when it was made. Citations are unnecessary to the proposition.

We have then a plain question of fact: Does the record show the necessary change of circumstances to render the modification "expedient"? Section 598.14, Iowa Code, 1946. We do not agree with plaintiff's suggestion that the issue is not triable de novo here or that there must be shown an abuse of discretion by the trial court before the modification decree can be reviewed on appeal. The language quoted from Newburn v. Newburn, 210 Iowa 639, 641, 231 N. W. 389, 391, standing alone lends some support to the contention. But this language merely means that though the case be triable de novo "much weight should be given to the findings of the trial court because of the better opportunities of that court to weigh the testimony." Siders v. Siders, 227 Iowa 764, 766, 288 N. W. 909, 910. See also Wood v. Wood, 220 Iowa 441, 447, 262 N. W. 773; Jensen v. Jensen, 237 Iowa 1323, 1334, 25 N. W. 2d 316.

However, the record here justifies the conservative modification made by the trial court even as limited to increase necessitated by consideration of Bradley alone. His sister, as a witness, stated one phase of the case convincingly when she said: "She [plaintiff] has living room, dining room, kitchen and bed-

room. My young brother is now 14 years old. I feel he should have a separate bedroom and that mother should get a larger apartment."

The trial court stated another consideration: "Clearly the son is entitled to participate in a proper measure in the good fortune of his father and is entitled to be supported in a manner and [in] keeping with the increased income of his father. No proof is needed to show the increased cost of living at the present time over that of the year 1943."

As to the material increase in defendant's income since the original decree the record is not as clear as it might be. Nevertheless we deem it sufficient to justify the increase in monthly payments ordered by the trial court.

Plaintiff relies entirely on an analysis of defendant's income tax reports for the years 1943 to 1947, inclusive. They show an increase in tax from $13,442.53 in 1943 to $37,010.31 in 1947. In 1946 the figure was $49,287.46.

Defendant explains that some of the apparent increase is due to a change in reporting (required by the Government) from a cash to an accrual basis. He offers no estimate or evidence as to how much of the tax increase is thus accounted for. He also testifies there is a judgment of $41,666.78 against him for 1941 tax and that he was trying to arrange a time payment plan for retiring it at the rate of $2000 per month, and that further demands are being made for back taxes in other years.

There is other evidence including a balance sheet of assets and liabilities as of March 31, 1948, but no similar showing for comparison as to the approximate date of the divorce decree.

As already stated, we are without any showing of material increase in appellant's income except as it is revealed by the income tax returns. The showing is sufficient to warrant the moderate increase of $100 per month during Bradley's minority. That seems to be the extent of the modification. We agree with the trial court that no showing is necessary as to the general increase in cost of living.

IV. Defendant argues that because the allowance provision of the divorce decree was based on a stipulation and provided for possible enforcement against defendant's estate in

event of his death, it is contractual in character and cannot be modified under the authority of Code section 598.14.

The contention ignores the fact that under our decisions the binding force of a stipulation as to alimony, child support and custody depends on the approval of the court. Bamesberger v. Bamesberger, 238 Iowa 492, 28 N. W. 2d 28; Messer v. Messer, 238 Iowa 783, 28 N. W. 2d 329. It is the decree and not the contract that becomes binding. Nicolls v. Nicolls, 211 Iowa 1193, 1200, 235 N. W. 288. The stipulation becomes merged in the decree. Belding v. Huttenlocher, 177 Iowa 440, 447, 448, 159 N. W. 191. And the court may disregard the stipulation entirely. Nichols v. Nichols, 239 Iowa 1173, 1177, 34 N. W. 2d 187, 190.

We have held valid a divorce decree approving a stipulation for payment of monthly installments to the wife *during her life* and have sustained an allowance of a claim against the husband's estate based upon such installments accruing after his death. In re Estate of Yoss, 237 Iowa 1092, 1094, 24 N. W. 2d 399, 400. The language of the opinion in the cited case concedes that the stipulation was merged in the decree and treats the claim as based on the decree and not on contract.

Having consented to the entering of such a decree can defendant now be heard to say it is not subject to modification under the statute, section 598.14? We think not. The language of the statute warrants no such exception.

The opinion in the Yoss case, supra, concedes the general rule "that periodic payments of alimony to a divorced wife terminate, or at least are presumed to terminate, upon the husband's death." It also concedes there is some conflict of authority as to the power of a court to decree otherwise but concludes that "almost without exception" the authorities hold the court may do so when the parties so stipulate.

What we have said makes unnecessary any discussion of the cases cited by defendant from other jurisdictions. Nor need we make any pronouncement as to what effect defendant's death, if it should occur during plaintiff's life, would have upon the power of the court thereafter to modify the decree. We think the parties here have by their stipulation consented to a decree

which can under the statute be modified in defendant's lifetime.

V. Other arguments urged on behalf of defendant-appellant are also in effect disposed of by what has been already said. The question as to material change in circumstances making modification "expedient" must depend upon the facts of each case. Precedents have little practical value. We have not attempted to reconcile the opinions upon the varying facts of other cases with our conclusion here or to compare the facts here with those shown in such other cases. We should and do attach weight to the opinion of the trial court and are of the opinion the decision here must be upheld.

Upon the considerations heretofore stated the decision of the trial court is affirmed.—Affirmed.

All JUSTICES concur except MANTZ, J., not sitting.