STELLA MAY KUYPER, appellant, v. L. A. KUYPER, appellee and cross-appellant.

No. 48152.

(Reported in 55 N.W.2d 485)

NOVEMBER 11, 1952.

Gilbert & Scholz, of Oskaloosa, and Comfort, Comfort & Irish, of Des Moines, for appellant.

Bray, Carson & McCoy, of Oskaloosa, for appellee and cross-appellant.

HAYS, J.—Plaintiff and defendant were divorced in 1947. By stipulation, incorporated in the decree, plaintiff was given the custody of their three children, then ages eighteen, nine and seven years. Defendant was to pay $250 per month for their support until the youngest child "attains the age of twenty-one years or has completed its college education, whichever date shall be the later." He was to pay to plaintiff $100 a month during her natural lifetime or so long as she remained unmarried. As security for such payments defendant was to convey to a trustee his share in certain Nebraska real estate and to pledge to said trustee his fifty shares of common capital stock in Kuyper Builders Material Company, an Iowa corporation. He was, however, to receive all income from the same. He was to convey to the trustee, for the use and benefit of the plaintiff and three children, the home in Pella, plaintiff to have the use thereof during her

lifetime and then to be divided among the children. He was to assume a $4500 mortgage against the home and pay the taxes thereon. All outstanding family bills were to be paid by defendant. Except as hereinafter mentioned, defendant has complied with the decree.

In 1951 defendant commenced the present action for a modification of the original decree. He asks that the trustee reconvey to him the Nebraska land and return the pledged stock. He also asks that the child support be reduced to $150 per month. Plaintiff filed a resistance, and by cross-petition asks that the child support be increased to $500 per month and the alimony to $300 per month; also that the mortgage on the home be paid.

The trial court, after a full hearing, refused to alter the original order for alimony and child support. It ordered the trustee to reconvey the Nebraska property and return the pledged shares of stock, and that upon the return of this property defendant was to pay off the mortgage on the home. It appears that the mortgage payments were in arrears and a foreclosure action was then pending. Both parties have appealed—plaintiff as appellant, defendant as cross-appellant. While not in the record, it is stated by counsel that the trustee has reconveyed and returned the real estate and pledged shares of stock; also that the mortgage on the home has been satisfied.

Two propositions are urged by the appellant: (1) Error in not increasing the monthly payments. (2) Error in returning the real estate and shares of stock held as security for the monthly payments. Cross-petitioner asserts error in the refusal to reduce the amount of the monthly payments for the support of the children.

I. Consolidating appellant's first assigned error with the error assigned by cross-appellant, Did the trial court commit error in refusing to modify the original decree relative to alimony and child support? We hold not.

Section 598.14, Code of 1950, is as follows:

"Alimony—custody of children—changes. When a divorce is decreed, the court may make such order in relation to the children, property, parties, and maintenance of the parties as shall be right.

4

"Subsequent changes may be made by it in these respects when circumstances render them expedient."

 It is the established rule of this state that changes may be made *only where* there has been a material change in the conditions as they existed at the time of the original decree. Beyerink v. Beyerink, 240 Iowa 45, 35 N.W.2d 458; Neve v. Neve, 210 Iowa 120, 230 N.W. 339. It is also the rule that in granting or refusing a modification the trial court is vested with a high degree of judicial discretion, which will be disturbed only for an abuse thereof. Horn v. Horn, 221 Iowa 190, 265 N.W. 148; Apfel v. Apfel, 238 Iowa 274, 27 N.W.2d 31.

We have said many times that in cases of this type each must rest upon its own peculiar facts, and our discussions on questions of fact in cases of a similar type have little, if any, value as precedents. While it is true this appeal is heard de novo and requires an examination of the entire record, we can see no advantage in a lengthy or detailed statement of the assertions and counterassertions always prevalent in these cases.

 We have examined the record. We find, as far as appellant is concerned, that one child has attained the age of twenty-one years and has finished college. She lives with plaintiff, but is in effect self-supported. Appellant has had an unusual amount of medical expense on account of the children, and living expenses have increased. As to cross-appellant, we find that he has remarried and is maintaining a home. Some sources of income, at the time of the original decree, are gone. Just what income he has is not clear and, especially as to the financial status and earnings of the Kuyper Builders Material Company (his principal source of income), the record is evasive and incomplete. From our examination of the entire record we find no such change of circumstances as would warrant an interference therewith.

II. Did the trial court err in ordering the return of the real estate and shares of stock to cross-appellant?

 Appellant contends that since the parties stipulated there should be this security for the monthly payments there arose a vested interest which cannot be disturbed. The fact that the parties so stipulated is absolutely immaterial as it is the decree, not the stipulation, that creates whatever rights the

parties have. Nicolls v. Nicolls, 211 Iowa 1193, 235 N.W. 288; Bamesberger v. Bamesberger, 238 Iowa 492, 28 N.W.2d 28; Brin v. Brin, 240 Iowa 659, 37 N.W.2d 261.

As the security was given to assure appellant the monthly payments of alimony and child support, but for them the security would be valueless to her. If, when the order of restitution to cross-appellant was made, these monthly payments were in arrears, there would probably be a vested interest to that extent, a question, however, we need not determine. But see Horn v. Horn, 221 Iowa 190, 265 N.W. 148; Roach v. Oliver, 215 Iowa 800, 244 N.W. 899. Security for a debt can rise no higher than the debt. If the order for future payments for child support and alimony may upon proper showing be reduced or eliminated, so likewise may the order for security therefore be changed or eliminated.

The question we have is not the power of the court to act as it did, but whether the record, under which it acted, warrants the same.

By the decree it appeared to the trial court advisable to secure to appellant the monthly payments therein provided. While the decree ordered cross-appellant to pay the mortgage upon the home, the security was not available to appellant for this obligation. It appears that the home would be lost through foreclosure unless this security was available to cross-appellant as a basis for borrowing thereon sufficient to pay the mortgage. This the court permitted, and we think correctly.

Appellant contends that in any event she is entitled to this security, *subject however* to any lien placed thereon for the purpose of paying the mortgage. With this we agree. This transaction placed no additional burden upon cross-appellant. Under the decree it was his duty to pay the mortgage upon the home. Under the modification order the same liability rests upon cross-appellant, only it is changed as to form. However, as far as appellant is concerned, the modification order has deprived her of a substantial right, i. e., the assurance that the monthly payments will be made, at least to the extent of the security. While the value of this security is reduced by the amount of the loan placed thereon, she has benefited to that extent by the removal of the mortgage against the home.

6

We find no such change of circumstances as warrants the entire removal of this security and to that extent we hold the trial court to be in error.

The case is remanded with direction that said property conveyed and returned to cross-appellant be reconveyed and re-pledged to the trustee, to be held by him as originally provided, subject however to liens now against same on account of the mortgage satisfaction. Otherwise, the decree is affirmed.—Modified and affirmed.

MULRONEY, C.J., and BLISS, OLIVER, GARFIELD, WENNER-STRUM, SMITH, and MANTZ, JJ., concur.

THOMPSON, J., specially concurs.

THOMPSON, J. (specially concurring)—The stipulation and decree originally entered provided for payments of $250 per month for the support of the three minor children. The oldest child has now reached the age of twenty-one years. While there was no specific provision that the child support payments should abate proportionately as each child came of age, I think it is a fair inference that such was the intendment of the decree, and I am of the opinion that the monthly payments should now be reduced by one third. Otherwise, I concur in the majority opinion.