In re the **MARRIAGE OF Lila M. HANSMANN and Elmer C. Hansmann.**

Upon the Petition of **Lila M. Hansmann, Appellee, and concerning Elmer C. Hansmann, Appellant.**

No. 83–127.

Supreme Court of Iowa.

Jan. 18, 1984.

James W. Redmond and Ann E. Brenden of Gleysteen, Harper, Eidsmoe, Heidman & Redmond, Sioux City, for appellant.

William E. Kunze of Bedell, Kunze, Maahs & Kuehl, Spirit Lake, for appellee.

Considered by REYNOLDSON, C.J., and UHLENHOPP, HARRIS, McCORMICK and WOLLE, JJ.

McCORMICK, Justice.

Respondent Elmer C. Hansmann contends the trial court erred in three respects in ordering a division of marital property in the decree dissolving his marriage to petitioner Lila M. Hansmann. He asserts the court erred in refusing to enforce a stipulation of the parties, in applying Iowa Code section 598.21(2) (1981) retroactively, and in failing to order an equitable division of the property. We affirm the trial court.

The parties were married in 1944. Lila was 55 and Elmer was 58 at the time of trial. They had three grown children. Neither party brought significant assets into the marriage. Elmer farmed land owned by Lila's family on a crop-share basis for many years, and Lila performed the usual duties of a farm wife and mother.

Excluding inherited property and current income from inherited property, the parties had accumulated marital assets valued by the court at $169,510. The court awarded $34,500 of those assets to Lila and $135,010 of them to Elmer. The court put a value of $1,782,617 on property and current proceeds from property inherited by the parties' from Lila's family, awarding $1,457,617 of that value to Lila and $325,000 to Elmer. A farm of approximately 273 acres and another of 160 acres were inherited by Lila alone. A farm of 160 acres and another of 80 acres were inherited by the parties jointly. The trial court's award gave Elmer a one-half interest in the joint property and all the other inherited property to Lila. Based on the court's calculations, Lila received total assets worth $1,492,117, and Elmer received assets worth $460,010. The parties accept the court's valuations.

I. *The stipulation.* At the time the case was initially scheduled for trial, the parties notified the court they had agreed on a property division. In material part it provided that Elmer would receive a one-half interest in the jointly-owned farmland and a life estate in Lila's interest in those two parcels. In turn Elmer's interest in the land was to pass to the parties' children at his death. Trial was postponed while the parties attempted to work out the mechanics of the division. Lila soon concluded no practical way existed to assure that Elmer's fee interest would pass unencumbered to the children. She therefore proposed that the agreement be implemented by instruments that would give Elmer only a life estate in the jointly-owned land. Elmer refused this proposal and asked the court to enforce his version of the original stipulation. After hearing the evidence, the court held no agreement had actually been reached.

■ It appears Lila believed the agreement required Elmer to do whatever was necessary including giving up his fee interest in the property to insure that the children would receive it at his death. Elmer obviously believed he should retain title despite the possibility of the land becoming encumbered during his lifetime. The parties thus interpreted their original agreement differently and, as the trial court found, did not actually have an agreement.

Because the parties had no agreement, we have no occasion to consider the principle in such cases as *Bamesberger v. Bamesberger,* 238 Iowa 492, 496, 28 N.W.2d 28, 31 (1947), that a stipulated property division is conditioned upon approval by the court and is not binding on the court as a matter of law. Nor do we consider whether the court could have approved a stipulation repudiated by one of the parties before entry of the decree in light of the holding in *Van Donselaar v. Van Donselaar,* 249 Iowa 504, 505–09, 87 N.W.2d 311, 313–14 (1958).

The trial court did not err in finding no actual stipulation existed.

II. *Applicability of Iowa Code section 598.21 (1981).* Section 598.21 was amended effective July 1, 1980, to delineate factors to be considered by courts in deciding property and support issues. 1980 Iowa Acts ch. 1175, § 3. As a result, section 598.21(2) provides:

Property inherited by either party or gifts received by either party prior to or during the course of the marriage is the property of that party and is not subject to a property division under this section except upon a finding that refusal to divide the property is inequitable to the other party or to the children of the marriage.

Elmer contends the trial court erred in applying this provision because the amendment should be applicable only to dissolution actions commenced after its effective date. The present action was commenced approximately one month earlier.

■ We find that the question of retrospectivity is a moot point. This court recognized in *In re Marriage of Thomas,* 319 N.W.2d 209, 210 (Iowa 1982), that the amendment is substantially a codification of principles established by prior case law. Elmer finds more comfort in some of those cases than he does in the statute, but we do not think the statute changed the law. Be-

fore and after the amendment inherited property or gifts were to go to the recipient except when equity required a division. Cases relied on by Elmer are not inconsistent with the statute. The amendment merely fixes the starting point for the equitable determination. The ultimate test is the same as it was before. *See In Re Marriage of Wallace,* 315 N.W.2d 827, 830 (Iowa App.1981).

The trial court did not err in applying the statute in this case.

■ III. *Equitability of the property division.* Elmer's real quarrel is with the court's refusal to give him a greater share of the inherited property, all of which came from Lila's family. The court considered the five factors listed in *Thomas,* 319 N.W.2d at 211. After having done so, the court concluded that if all the property had been inherited by Lila alone the equities would have required an award of some of it to Elmer. The court noted, however, that the property had not been given to Lila alone. Division of the property inherited by the parties jointly from Lila's family gave Elmer 120 acres having an approximate value of $325,000.

Some of what Elmer asserts were contributions to preservation and improvement of the land inherited by Lila were normal efforts of a tenant. Other investments were paid for by the landlord. Still others were paid for with Elmer and Lila's joint funds. He received the benefit of most of the contributions. In these circumstances the court did not believe Elmer was entitled to a greater share of the inherited property. Moreover, Elmer was given four times in value more than Lila of the assets accumulated during the marriage in recognition of his efforts.

We conclude the property division was equitable.

AFFIRMED.