In re the MARRIAGE OF Denise
A. VAN ZEE and Kermit R.
Van Zee.

Upon the petition of Denise
A. Van Zee, Appellee,

And Concerning Kermit R.
Van Zee, Appellant.

No. 91–467.

Court of Appeals of Iowa.

May 28, 1992.

Richard A. Bartolomei, Des Moines, for appellant.

Fred J. Kreykes, Pella, for appellee.

Considered by HAYDEN, P.J., and SACKETT and HABHAB, JJ.

HABHAB, Judge.

## FACTS

Denise and Kermit Van Zee were married in February 1977 and divorced in June 1988. They have three children: Kermit Ray, born in June 1977; Jason, born in February 1979; and Tammy, born in May 1981. In the dissolution decree, the district court formed a joint custody arrangement, with Denise having physical care of the children. It directed Kermit to pay child support of $57.50 per child per month, for a total monthly payment of $172.50. The court also directed Kermit to either (1) provide health insurance for the children through his employer, or (2) pay one-half of Denise's family health insurance plan through her employer. In either event, Kermit was to pay one-half of the children's medical expenses not covered by insurance.

In January of 1990, Denise brought a contempt action alleging in substance that Kermit was in wilfull violation of the dissolution decree by failing, among other things, to pay his one-half of the health insurance premiums and unreimbursed medical bills. In May of the same year, she filed an application to modify the dissolution decree. Kermit thereafter answered and filed a counterclaim seeking modification. Prior to trial on the merits, the parties entered into a stipulation under which Kermit was to pay $425 per month in child support for his three children and a lump sum of $2000 for accrued health insurance, unreimbursed medical bills, and federal income tax. In addition, the parties agreed to a number of other items, including defined visitation rights, grandparent visitation, certain agreements that reflect on the welfare of the children, and the parents' conduct in the presence of their children.

During the course of the trial, it came to light that Denise had canceled the children's insurance for she claimed she was unable to pay the premium. Kermit argued that a reasonable interpretation of the stipulation required a finding the petitioner had an obligation to maintain the insurance and to pay the total premium. He further argued that as consideration for his paying $425 monthly child support, an amount which he claims is in excess of the child support guidelines, that Denise agreed that he was to be relieved from contributing to the disputed insurance premium.

Denise took a position completely contrary to that of Kermit and contended that prior to the signing of the stipulation Kermit had been informed of the cancellation of the insurance. She further argued there was no agreement that the $425 included Kermit's obligation to contribute to the cost of health insurance for his children.

Although the parties represented that a stipulation had been signed resolving all but a few issues that were called to the attention of the court immediately prior to trial, it was not disclosed at the inception that a dispute existed as to whether the insurance premiums were included in the agreed-to child support payment.

Without changing the other terms of the parties' stipulation, the district court modified the parties' decree to include the stipulation, and ordered Denise to reinstate the health and accident insurance coverage on the children. Additionally, the court ordered each party to pay one-half of the monthly health insurance premium.

Following the denial of his Iowa Rule Civil Procedure 179(b) motion, Kermit appealed. He argues his child support obligation is excessive for the $425 per month child support exceeds the child support guidelines. He asks his obligation to pay one-half the health insurance premium be vacated and the parties' stipulation be adopted in its entirety. Alternatively, he insists this matter be remanded for the fixing of child support in accordance with the guidelines.

Denise requests attorney fees on appeal.

## SCOPE OF REVIEW

Our review in this case is de novo. Iowa R.App.P. 4. We give weight to the fact

findings of the trial court, especially when considering the credibility of witnesses. Iowa R.App.P. 14(f)(7). However, we are not bound by these determinations. *Id.*

## ANALYSIS

■ Modification of a dissolution decree is only allowed when there has been a material and substantial change in circumstances since the original decree. *Mears v. Mears,* 213 N.W.2d 511, 514–15 (Iowa 1973) (citations omitted). "The trial court has reasonable discretion in determining whether modification is warranted and that discretion will not be disturbed on appeal unless there is a failure to do equity." *In re Marriage of Kern,* 408 N.W.2d 387, 389 (Iowa App.1987) (citing *In re Marriage of Vetternack,* 334 N.W.2d 761, 762 (Iowa 1983)).

The principles enumerated in *Vetternack* and applied in *Kern* are applicable here as well:

A number of principles emerge from our cases: (1) there must be a substantial and material change in the circumstances occurring after the entry of the decree; (2) not every change in circumstances is sufficient; (3) it must appear that continued enforcement of the original decree would, as a result of the changed conditions, result in positive wrong or injustice; (4) the change in circumstances must be permanent or continuous rather than temporary; (5) the change in financial conditions must be substantial; and (6) the change in circumstances must not have been in the contemplation of the trial court when the original decree was entered.

*Vetternack,* 334 N.W.2d at 762.

The parties agreed there had been such a material and substantial change in circumstances to allow a modification of the dissolution decree. The court by its order modified the dissolution decree in a number of respects we do not address for they are not a part of this appeal. From our de novo review, we agree the decree should be modified.

## I. *Child Support.*

Appellant argues his child support obligation of $425 per month is in excess of the child support guidelines. While we do not necessarily agree with appellant's argument, we do determine the district court should have, under the circumstances here, awarded child support in compliance with the current child support guidelines. *See In re Marriage of Bergfeld,* 465 N.W.2d 865, 870–71 (Iowa 1991).

■ The amount of each parent's child support obligation should be determined in light of each parent's ability to contribute. *See In re Marriage of Bornstein,* 359 N.W.2d 500, 504 (Iowa App.1984). Each parent's ability to contribute must be determined using the child support guidelines adopted by the Iowa Supreme Court. *See In re Marriage of Powell,* 474 N.W.2d 531, 533 (Iowa 1991). There is a rebuttable presumption that the amount of child support which would result from the application of the guidelines is correct. *Id.* The text of the guidelines provides in pertinent part:

The court shall not vary from the amount of the child support which would result from the application of the guidelines without a written finding that the guidelines would be unjust or inappropriate as determined under the following criteria:

(1) Substantial injustice would result to the payor, payee, or child;

(2) Adjustments are necessary to provide for the needs of the child and to do justice between the parties, payor or payee under the special circumstances of the case; and

(3) Circumstances contemplated in Iowa Code section 234.39.

■ The trial court did not make a finding as to the parties' net income. Such a finding is necessary. We, therefore, are unable to determine the correct guideline amounts on this appeal. Neither party prepared or filed a financial statement. Denise testified that her 1990 income was less than $17,000. Kermit attached several W–2 and 1099 forms to his rule 179(b) motion

which reflect a total income of $17,904 in 1990.

Kermit also claims at trial both counsel represented to the court his income was approximately $13,000 per year. The evidence is unclear as to the financial status and net income of the parties. Therefore, we remand this issue to the district court to make the appropriate net monthly income findings and calculate the support according to the current child support guidelines. Until the court determines the amount under the child support guidelines, child support shall be paid in accordance with the amounts fixed in the original dissolution decree. We do not retain jurisdiction.

## II. *Health Insurance.*

■ Appellant argues the district court erred in requiring him to pay one-half of the health insurance premium because the increased child support in the parties' stipulation relieved him of his obligation to pay for health insurance.

The text of the guidelines provides in pertinent part:

In addition, the court shall enter an order for medical support as required by statute. **Unless the court specifically orders otherwise, medical support is not included in the monetary amount of child support. Any premium cost of a health benefit plan or medical support plan which has not been considered in computing net monthly income may be considered by the court as a reason for varying from the child support guidelines.**

A stipulation of the parties establishing child support and medical support shall be reviewed by the court to determine if the amount stipulated and the medical support provisions are in substantial compliance with the guidelines, and if a variance is proposed, whether it is justified and appropriate. A proposed order to incorporate the stipulation shall be reviewed by the court to determine its compliance with these guidelines.

(emphasis added).

In the case at bar, the parties are in dispute as to whether Kermit was to be relieved of his obligation to pay one-half of the health insurance premiums as a result of the increased child support payments provided for in the stipulation. Kermit claims the parties agreed he was to be relieved of the health insurance obligation if he paid $425 monthly in child support. Denise denies this was her agreement.

"Parents cannot lightly contract away or otherwise modify child support obligations; the court will give effect to such agreements only if they do not adversely affect the best interests of affected minor children." *In re Marriage of Zeliadt,* 390 N.W.2d 117, 119 (Iowa 1986).

In its decree, the district court supported its decision regarding the health insurance by stating the following:

During the proceedings it became apparent to the Court for the first time that there was one more issue of disagreement namely medical insurance on the children. It appears that there was some posturing and positioning during negotiations between the parties concerning this matter but the net result now is that no medical insurance exists in force on the children. **This Court deems it to be in the primary interest of the children that they have health care available to them and where their parents are economically able to pay the same any burdens on that is secondary to the consideration of the children.**

(emphasis added).

The Iowa Code gives the trial court discretion regarding approval and modification of stipulations as it states in pertinent part:

**A modification of a support order entered under ... this chapter between parties to the order is void unless the modification is approved by the court,** after proper notice and opportunity to be heard is given to all parties to the order, and entered as an order of the court. Iowa Code § 598.21(8)(1) (1991) (emphasis added).

"Any underlying agreement of the parties is merged in the ... decree, and the agreement as such is not binding upon the

court." *In re Marriage of Shima,* 360 N.W.2d 827, 829 (Iowa 1985); *see Pedersen v. Pedersen,* 235 Iowa 708, 712, 17 N.W.2d 520, 522 (1945); *see also Nicolls v. Nicolls,* 211 Iowa 1193, 1200, 235 N.W. 288, 291 (1931). "The court is not bound by the parties' stipulation and may disregard the stipulation entirely." *In re Marriage of Davis,* 447 N.W.2d 571 (Iowa App.1989) (citing *Brin v. Brin,* 240 Iowa 659, 664, 37 N.W.2d 261, 264 (1949) (citation omitted)). The binding force of a stipulation as to child support depends on the approval of the court. *Brin,* 240 Iowa at 664, 37 N.W.2d at 264 (citations omitted) (emphasis added).

Appellant argues he has been disadvantaged by what he describes as the district court's "partial adoption" of the parties' stipulation. He cites the following in support of this argument:

> Relief should not be granted against a stipulation where it would be partial in nature, and leave the party against whom it was granted bound thereby or by a part thereof, and at a disadvantage because of having changed his position or acted in reliance upon it.

*In re Estate of Clark,* 181 N.W.2d 138, 142 (1970) (citation omitted). We do not find this argument to be persuasive.

Evidence of health insurance premiums is necessary to accurately apply the guidelines. We should not determine health insurance premiums should be paid in addition to support payable under the guidelines without knowledge of the costs of such insurance. We remand this issue to the district court to take evidence on the cost of the health insurance premiums. After determining the cost of the insurance, the district court should determine the respective responsibility for the premiums.

III. *Appellate Attorney Fees.*

■ An award of attorney fees is not a matter of right, but rests within the court's discretion and the parties' financial positions. *In re Marriage of Kern,* 408 N.W.2d 387, 390 (Iowa App.1987). Awards of attorney fees must be for fair and reasonable amounts, *In re Marriage of Willcoxson,* 250 N.W.2d 425, 427 (Iowa 1977), and based on the parties' respective abilities to pay. *In re Marriage of Lattig,* 318 N.W.2d 811, 817 (Iowa App.1982). We are to consider the needs of the party making the request, the ability of the other party to pay, and whether the party making the request was obligated to defend the trial court's decision on appeal. *In re Marriage of Castle,* 312 N.W.2d 147, 150 (Iowa App. 1981).

■ We believe the parties placed the trial court in a disadvantaged position by not advising, prior to hearing, precisely what issues remained for the court to resolve. It is clear the issue of health insurance on the children did not arise until after trial commenced and the trial court made an inquiry into that subject. It is equally clear the litigants' position concerning insurance coverage and whether Kermit was to pay one-half of the premium is diametrically different. The most compelling problem was the inability of the parties to agree whether the amount of the insurance premium was a factor that was taken into consideration when agreeing to the $425 per month child support. Under the circumstances, we determine each party should pay his/her own appellate attorney fees.

CONCLUSION

We remand the issue of child support to the district court to determine the parties' net income and apply the current guidelines with instructions not inconsistent with this opinion. We remand the issue of health insurance to the district court to determine the cost and respective responsibility. We determine each party is responsible for his or her own appellate attorney fees.

Costs of this appeal are assessed equally to the parties.

AFFIRMED IN PART AND REMANDED.