**In re the MARRIAGE OF Cornelius Sunay OKONKWO and Janet Rose Okonkwo.**

**Upon the Petition of Cornelius Sunay Okonkwo, Petitioner–Appellant,**

**And Concerning Janet Rose Okonkwo, Respondent–Appellee.**

No. 93–1839.

Court of Appeals of Iowa.

Oct. 25, 1994.

Mark D. Reed of Bertroche Law Offices, Des Moines, for appellant.

Michael J. Manno, West Des Moines, for appellee.

Heard by SACKETT, P.J., and HABHAB and CADY, JJ.

SACKETT, Presiding Judge.

Petitioner-appellant Cornelius Sunay Okonkwo appeals from a dissolution decree entered by the district court. Cornelius contends the trial court should have found respondent-appellee Janet Rose Okonkwo in default and should not have considered evidence from her attorney. Cornelius says he should not have been ordered to pay alimony and child support. We affirm as modified.

■ Janet has not filed an appellee's brief. The failure of the appellee to file a brief does not entitle appellee to a reversal as a matter of right but does provide a basis for sanctions. *State ex rel. Buechler v. Vinsand,* 318 N.W.2d 208, 209 (Iowa 1982); *Pierre v. Iowa Dep't of Social Servs.,* 334 N.W.2d 359, 360 (Iowa App.1983). We limit our consideration to the issues raised in appellant's brief. *Buechler,* 318 N.W.2d at 209.

Cornelius and Janet were married in 1989. One child, Mercy, was born to the marriage in March 1992. Mercy suffers from cerebral palsy.

On February 3, 1993, Cornelius filed a petition seeking a dissolution of marriage, and on February 19, 1993, Janet, through her attorney, answered. Then on April 26, 1993, Janet's attorney withdrew and on May 24, 1993, Cornelius's attorney withdrew. Then on June 28, 1993, attorney William Schadle appeared for Cornelius, and on August 23, 1993, Michael Manno appeared for Janet.

A pretrial conference was held on August 23, 1993. The pretrial order indicated the issues for trial were custody and property and debts. On this same day, Cornelius's attorney withdrew. This was the same day Michael Manno appeared for Janet.

The matter was set for trial on November 2, 1993. On that day, Cornelius appeared pro se and Janet's attorney made an application to withdraw, telling the court it was at his client's request. The trial court denied Manno's motion to withdraw and asked Manno to remain during the proceedings and represent Janet. The trial court then had Cornelius called as a witness and examined him. The trial court also questioned Manno, but he was not sworn as a witness.

A decree was entered dissolving the marriage. The trial court found the parties had agreed to joint legal custody of Mercy with Janet to have primary care. The trial court approved the custody arrangement. The court also found Cornelius agreed to provide health insurance for Mercy and pay one-half of her uninsured medical expense. The court

found Cornelius requested he not pay any child support and Janet did not object.

The trial court went on to find Cornelius should pay child support of $200 per month. The support was to increase to $374 per month in July 1994, when it was projected Cornelius, then a medical student, would have an income while working as a resident.

The trial court also found the parties wished to waive alimony but ordered Cornelius pay Janet alimony of $1 per year.

■ Cornelius contends the trial court should have found Janet in default at the time of hearing and the trial court, by proceeding in the manner it did, made attorney Manno both an advocate and a witness for his client. Cornelius goes on to argue, even if Janet were not in default, Manno did not serve as her attorney but her witness and he provided evidence without being under oath or making a professional statement. These issues were not raised by Cornelius before the trial court. Matters not raised in the trial court will not be considered on appeal. *See Conner v. State*, 362 N.W.2d 449, 457 (Iowa 1985); *State v. Lyon*, 223 N.W.2d 193, 194 (Iowa 1974). We, therefore, will not address them on appeal.

Cornelius next contends he should not have been ordered to pay alimony or child support. This case provides a difficult scenario. The parties obviously wanted to settle their differences themselves without occurring the expense of attorneys. The parties felt they had settled their differences and Manno came before the court to withdraw. Cornelius's arguments center on the trial court's refusal to approve the agreement of the parties and incorporate it in the dissolution decree.

Cornelius first contends the trial court should not have awarded Janet alimony. Alimony was not designated as an issue at the parties' pretrial conference. The record is that Cornelius and Janet agreed Janet should not receive alimony. The trial court found the parties had so agreed and then fixed alimony.

■ The question is not whether the facts of the case justify an award of alimony. The question is whether the decision of the parties there be no alimony award was so inequitable the trial court was justified in overruling it. A dissolution is tried in equity. *See In re Marriage of Bonnette*, 492 N.W.2d 717, 720 (Iowa App.1992). The Iowa courts may impose equitable terms on parties as a condition for granting equitable relief. *See Farmers Savs. Bank, Joice v. Gerhart*, 372 N.W.2d 238, 245 (Iowa 1985). However, parties can contract away an alimony obligation and a court will give effect to the agreements and not substitute its own judgment absent a showing the agreement is clearly inequitable. *See generally In re Marriage of Zeliadt*, 390 N.W.2d 117, 119 (Iowa 1986); *In re Marriage of Van Zee*, 488 N.W.2d 721, 724 (Iowa App.1992).

■ When determining the appropriateness of alimony, the court must consider (1) the earning capacity of each party, and (2) their present standards of living and ability to pay balanced against their relative needs. *In re Marriage of Estlund*, 344 N.W.2d 276, 281 (Iowa App.1983). Alimony is an allowance to the ex-spouse in lieu of a legal obligation to support that person. *See In re Marriage of Hitchcock*, 309 N.W.2d 432, 437 (Iowa 1983). Alimony is not an absolute right; an award depends upon the circumstances of each particular case. *In re Marriage of Fleener*, 247 N.W.2d 219, 220 (Iowa 1976).

■ Janet is gainfully employed as a nurse earning $30,000 annually. Cornelius is a medical student living on borrowed money with an income of little more than $400 a month. He pays medical insurance of $87 every two weeks.[1] At the time of trial, his educational loans totaled about $126,000. Cornelius alone assumed responsibility for the educational loans. He leaves the marriage with substantial debt. Janet leaves with some assets and little debt. Cornelius's

---

1. The trial court found Cornelius's income to be $200 every two weeks before deducting his health insurance premium. The record is somewhat contradictory on whether the $400 is before or after health insurance is deducted. We accept the trial court's findings on this issue.

income potential will not be realized for a number of years. This was only a four-year marriage. Janet was represented by several attorneys and had legal counsel during these proceedings. There was no evidence Janet made any particular sacrifices to assist Cornelius with his education. We find no clear inequity in the agreement of Cornelius and Janet that she take no alimony. We modify the trial court decree by striking the provision that Cornelius pay Janet alimony of $1 per year.

Cornelius next contends the trial court should not have awarded child support under the circumstances of this case. Cornelius points out he had agreed to maintain health insurance on Mercy and pay one-half of her uncovered medical expenses and Janet had agreed to forego child support.

The trial court found the agreement not to have Cornelius pay child support was not in the child's best interests or in conformity with Iowa law. The trial court found Cornelius had an earning capacity, based on prior employment as a medical technologist, of $30,000 and he was working part-time in that capacity while attending medical school and he earned about $100 a week prior to deducting medical insurance. Cornelius testified he kept the job because it allowed him to keep medical insurance that is necessary for Mercy. He testified the medical insurance cost him $87 every two weeks.

Prior to the adoption of the child support guidelines, the Iowa courts said parents cannot lightly contract away or otherwise modify child support obligations; the court will give effect to such agreements only if they do not adversely affect the best interests of affected minor children. *Zeliadt*, 390 N.W.2d at 119; *see also Van Zee*, 488 N.W.2d at 724.

The text of the current guidelines as to stipulations provides:

A stipulation of the parties establishing child support and medical support shall be reviewed by the court to determine if the amount stipulated and the medical support provisions are in substantial compliance with the guidelines, and if a variance is proposed, whether it is justified and appropriate. A proposed order to incorporate the stipulation shall be reviewed by the court to determine its compliance with these guidelines.

Cornelius is a student and his income is less than $500 monthly, therefore, the amount of support is clearly discretionary but "some amount of child support is required."

Under the child support guidelines, "the appropriate figure is deemed to be within the sound discretion of the court or the agency fixing support by administrative order but *"Some amount of child support is required."* " (Emphasis supplied). Uniform Child Support Guidelines.

Cornelius is paying nearly one-half of his income to maintain needed health insurance on Mercy. He is a student in good faith, was a student in good faith prior to the dissolution, and is embarking on a course of education that provides him a key to an excellent income in the future. Janet has sufficient income to meet Mercy's other needs. It is imperative the medical insurance coverage be maintained on Mercy.

The question as presented to the trial court was not how much child support should be ordered. Rather, the question was whether the agreement of Cornelius and Janet on the amount Cornelius should contribute to the child's benefit was justified and appropriate and whether the agreement as to support protected Mercy's interests. Cornelius pays for Mercy's health insurance and, additionally, he pays one-half of Mercy's uncovered medical expenses. We believe, under the circumstances, during the period Cornelius completes his schooling, it is sufficient for him to maintain the medical insurance on Mercy and pay one-half of her uncovered expenses as his contribution to her support. We modify to strike the provision Cornelius pay $200 a month in child support through July 1994. We affirm the provision he pay $374 in child support after that time.

Cornelius's last contention is he should not have been ordered to pay the fees of Janet's attorney. Iowa trial courts have considerable discretion in awarding attorney fees. *In re Marriage of Giles*, 338 N.W.2d

544, 546 (Iowa App.1983). To overturn an award the complaining party must show that the trial court abused its discretion. *Id.* Awards of attorney fees must be for fair and reasonable amounts, *In re Marriage of Willcoxson*, 250 N.W.2d 425, 427 (Iowa 1977), and based on the parties' respective abilities to pay. *In re Marriage of Lattig*, 318 N.W.2d 811, 817 (Iowa App.1982). There is nothing from the record to support the award of attorney fees. The record shows Manno filed a single page written appearance and appeared for approximately thirty minutes at the hearing. He did not file an appellate brief. We do not find the award justified on the record and modify to omit the attorney fee allowance.

We affirm as modified. Costs are taxed one-half to each party.

**AFFIRMED AS MODIFIED.**